(984 P.2d 725)

No. 81,049

IN THE MATTER OF THE APPLICATIONS OF KINNET FOR RELIEF
FROM A TAX GRIEVANCE IN NUMEROUS COUNTIES IN KANSAS

AND

IN THE MATTER OF THE APPLICATIONS OF LIBERTY CELLULAR
FOR RELIEF FROM A TAX GRIEVANCE IN NUMEROUS COUNTIES.

Opinion filed
June 25, 1999.

*Robert J. O'Connor* and *Stephanie N. Scheck*, of Morrison & Hecker, L.L.P., of Wichita, for appellants Kinnet and Liberty Cellular.

*Michael A. Montoya*, of Michael A. Montoya, P.A., of Salina, for appellees 43 counties.

*Joe Shepack*, County Attorney, for appellee Ellsworth County.

Before MARQUARDT, P.J., PIERRON, J., and GLENN D. SCHIFFNER, District Judge, assigned.

PIERRON, J.: Kinnet and Liberty Cellular, appellants, appeal the district court's decision affirming the Kansas Board of Tax Appeals' (BOTA) ruling that BOTA lacked subject-matter jurisdiction to consider an appeal. Appellants argue BOTA erroneously interpreted and applied K.S.A. 79-1702 and that BOTA's order was unreasonable, arbitrary, and capricious. We affirm.

The facts in this case are undisputed. Kinnet is a Kansas corporation and a wholly owned subsidiary of Liberty Cellular, doing business as Kansas Cellular. Liberty Cellular and Kinnet (both

hereinafter "Taxpayers") are cellular telephone companies. The Taxpayers were centrally assessed by the Kansas Department of Revenue, Property Valuation Division (PVD), as "public utilities" for property tax classification purposes for the calendar years 1994 and 1995. The "public utility" classification, pursuant to K.S.A. 79-5a01, caused the Taxpayers' property to be assessed at the rate of 33% of fair market value for the years at issue. The Taxpayers did not appeal the central assessment for the tax years 1994 and 1995.

On May 31, 1996, the Kansas Supreme Court issued its decision of *In re Appeal of Topeka SMSA Ltd. Partnership*, 260 Kan. 154, 917 P.2d 827 (1996). There, the court held that cellular telephone companies that are not engaged in providing public landline telephone or telegraphic service within the state are "radio common carriers," not "public utilities." Therefore, these cellular telephone companies are not subject to central assessment by the PVD pursuant to K.S.A. 79-5a01 *et seq.* at the rate of 33% of fair market value. The result is that the property of cellular telephone companies is to be locally assessed by the respective county appraisers in the counties where such property is located. The Taxpayers were not parties in *Topeka SMSA*.

Shortly after the *Topeka SMSA* decision, the Taxpayers in the case at bar filed a tax grievance with BOTA pursuant to K.S.A. 79-1702 to protest their property taxes for the calendar years 1994 and 1995. The Taxpayers sought a re-assessment for 1994 and 1995 by the respective county appraisers at the rates under K.S.A. 1996 Supp. 79-1439, as well as a refund for those years. The Taxpayers based their appeal on *Topeka SMSA*.

BOTA dismissed the Taxpayers' appeal finding it lacked subject matter jurisdiction to render a decision on the merits. BOTA concluded that K.S.A. 79-1702 is not available to redress tax grievances where the subject property has been assessed as a public utility by the Director of PVD. Since *Topeka SMSA* had not yet been filed when the 1994 and 1995 taxes were assessed, BOTA stated the proper procedure for the Taxpayers would have been to appeal the decision of the PVD pursuant to K.S.A. 79-5a05 and 74-2438. BOTA found *Topeka SMSA* had prospective application only.

The Taxpayers then exhausted their administrative remedies and filed an appeal from BOTA's decision in the Saline County District Court. Using the same analysis as BOTA, the district court found the Taxpayers failed to pursue their remedies under K.S.A. 74-2438 even though they were aware of the pending appeal in *Topeka SMSA* and the body of case law setting out the exclusive remedy for relief from valuation as a "public utility." The district court granted the Taxpayers' motion to amend the journal entry to reflect that Taxpayers neither stipulated that they were correctly defined as a "public utility" nor that the tax assessment and classification was correct.

"The standard of judicial review of an administrative agency action is defined by the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*" *National Council on Compensation Ins. v. Todd*, 258 Kan. 535, 538, 905 P.2d 114 (1995). Pursuant to K.S.A. 77-621(c)(4) and (8), in reviewing agency actions, a court shall grant relief if it determines that the agency has erroneously interpreted or applied the law, or the agency action is otherwise unreasonable, arbitrary, or capricious.

The procedural history of the case at bar is indicative of why BOTA lacked subject matter jurisdiction. First and foremost, the Taxpayers did not appeal the central assessment by the Director of PVD that they were "public utilities" for the years 1994 and 1995. Now, they seek retroactive application of *Topeka SMSA* in order to change their classification from public utilities to radio common carriers and receive tax relief for the years 1994 and 1995.

Based on the holding in *Topeka SMSA*, the Taxpayers argue the Director of the PVD did not have the authority to perform the valuation and assessment in the first place. They contend the Director overstepped his statutory and constitutional authority by valuing and assessing their property when the assessment should have been performed by the local taxing authorities. The Taxpayers contend that when the status of a Taxpayer is at issue and such status has not been addressed by the Kansas courts, and the grievance is not remediable under any other taxing provisions, K.S.A. 79-1702 is the logical statutory provision to allow BOTA to grant relief to

the Taxpayers. This, the Taxpayers argue, is the only way to avoid an inequitable and unjust result.

The Taxpayers correctly state *Topeka SMSA* clearly provides they are "radio common carriers" for purposes of Kansas property taxes. They suggest that prior to the *Topeka SMSA* decision, they justifiably relied on the PVD's classification of them as public utilities and paid their taxes for 1994 and 1995 without objection. The Taxpayers argue that *Topeka SMSA* stands for the proposition that they "were not and have never been public utilities."

Taxpayers cite limited authority on why *Topeka SMSA* should apply retroactively. In Kansas, a judicial decision will be applied retroactively unless it establishes a new rule of law, it would not further the principle on which the decision is based, and it would cause substantial hardship or injustice. *In re Estate of McDowell*, 245 Kan. 278, Syl. ¶ 2, 777 P.2d 826 (1989). The decision in *Topeka SMSA* meets all of the elements for prospective application only. This change in the law cannot apply to litigants who fail to exhaust all administrative remedies.

Contrary to the position of the Taxpayers, at the time the Director of PVD performed the central assessment, the Director had the authority to classify the Taxpayers as "public utilities." K.S.A. 79-5a01 includes within the definition of "public utility" or "public utilities" "every individual, company, corporation, association of persons, lessees or receivers that now or hereafter are in control, manage or operate a business of . . . transporting to, from, through or in this state telephonic messages." Consequently, the Taxpayers were arguably properly classified as "public utilities."

The Taxpayers had the right to appeal the PVD's valuation and assessment. Procedural due process requires a right to a fair trial in a fair tribunal. *State v. Green*, 245 Kan. 398, 404, 781 P.2d 678 (1989). The constitutional requirements of due process are satisfied where the taxpayer, at some stage of the assessment procedures, has an opportunity to appear and contest the assessment. *Shields Oil Producers, Inc. v. County of Russell*, 229 Kan. 579, 582, 629 P.2d 152 (1981). It is well settled law that a public utility's right to appeal its assessment is governed by K.S.A. 79-5a05 and K.S.A. 74-2438. See *Board of Meade County Comm'rs v. State Director*

*of Property Valuation*, 18 Kan. App. 2d 719, Syl. ¶ 2, 861 P.2d 1348, *rev. denied* 253 Kan. 856 (1993) (K.S.A. 79-5a01 *et seq.* expressly mandates that the valuation and assessment of public utility property is to be performed by the Division of Property Valuation.).

K.S.A. 79-5a05 permits a public utility to object to the statement of appraised valuation. If the objections by the public utility are declined, K.S.A. 1998 Supp. 74-2438 provides for an appeal to BOTA:

"An appeal may be taken to the state board of tax appeals from any finding, ruling, order, decision, final determination or other final action, including action relating to abatement or reduction of penalty and interest, on any case of the secretary of revenue or the secretary's designee by any person aggrieved thereby. Notice of such appeal shall be filed with the secretary of the board within 30 days after such finding, ruling, order, decision, final determination or other action on a case, and a copy served upon the secretary of revenue or the secretary's designee."

This court in *Colorado Interstate Gas Co. v Beshears*, 18 Kan. App. 2d 814, 860 P.2d 56 (1993), *rev. denied* 256 Kan. 994 (1994), addressed a case where a public utility failed to appeal the valuation assessed by the PVD. The public utility argued that K.S.A. 79-1702 was available to state-assessed public utilities for collateral challenges to the PVD implementation of the ad valorem tax on state-assessed public utilities. K.S.A. 79-1702 provides a remedy for grievances not otherwise remediable:

"If any taxpayer or any municipality or taxing district shall have a grievance not remediable under the provisions of K.S.A. 79-1701 or 79-1701a, and amendments thereto, or which was remediable thereunder and reported to the proper official or officials within the time prescribed but which has not been remedied by such official or officials, such grievance may be presented to the state board of tax appeals and if it shall be satisfied from competent evidence produced that there is a real grievance, it may direct that the same be remedied either by canceling the tax, if uncollected, together with all penalties charged thereon, or if the tax has been paid, by ordering a refund of the amount found to have been unlawfully charged and collected and interest at the rate prescribed by K.S.A. 79-2968, and amendments thereto, minus two percentage points.

. . . .

"Errors committed in the valuation and assessment process that are not specifically enumerated in K.S.A. 79-1701, and amendments thereto, shall be remediable only under the provisions of K.S.A. 79-2005, and amendments thereto."

The *Colorado Interstate Gas* court disagreed with the public utility's argument under K.S.A. 79-1702. The court held: "K.S.A. 79-1702 is not available to a state assessed public utility for a collateral challenge to the Director of Property Valuation's assessment and valuation of property. K.S.A. 74-2438 is the exclusive method for a public utility to challenge the Director of Property Valuation's assessment and valuation of property." 18 Kan. App. 2d 814, Syl. ¶ 2. The *Colorado Interstate Gas* court affirmed BOTA's order denying subject matter jurisdiction to entertain the appeal under K.S.A. 79-1702. However, the court reversed on the limited question of whether Colorado Interstate Gas presented a colorable constitutional claim. 18 Kan. App. 2d at 822.

Pursuant to *Colorado Interstate Gas* and K.S.A. 74-2438, the method and authority for the Taxpayers in the present case to appeal their classification as a public utility was established. However, it was not utilized by the Taxpayers—they failed to appeal. The Taxpayers claim a good faith rationale for their inactivity. They maintain they should not be penalized for complying with the orders of the PVD in subjecting themselves to state assessment and that they acted in good faith and followed what they believed was a lawful order of the PVD. They suggest the PVD's misinterpretation and misapplication of the tax statutes should not foreclose avenues of relief after the law has been clarified by the Kansas Supreme Court.

The Taxpayers concede that *Colorado Interstate Gas* and K.S.A. 74-2438 does not provide authority for this appeal and argue that such appeal under this authority would have been futile because the law is clear that K.S.A. 74-2438 is the exclusive remedy for public utilities, not radio common carriers, to challenge the PVD's assessment and valuation of property. The Taxpayers argue they were "effectively but erroneously told by the DPV that they were public utilities and would be taxed as such." The Taxpayers suggest they are justified in relying on the PVD's classification since "[i]t is presumed that a public official will faithfully perform the duties legally enjoined upon him." *Quivira Falls Community Ass'n v. Johnson County*, 230 Kan. 350, Syl. ¶ 4, 634 P.2d 1115 (1981). The Taxpayers maintain their reliance should not be used to their

detriment by holding that the exclusive remedy was pursuant to K.S.A. 74-2438 when they were not and have never been a public utility according to *Topeka SMSA*.

The problem with retroactively applying *Topeka SMSA* to the Taxpayers' 1994 and 1995 taxes is that the Taxpayers were not parties to the *Topeka SMSA* action. They paid their taxes without any protest or objection. Now, the Taxpayers attempt to ride the coattails of another cellular telephone company, in the very same predicament, that successfully appealed its classification as a public utility utilizing K.S.A. 74-2438 for appellate authority. The difficulty in the Taxpayer's argument is that Topeka SMSA successfully appealed its classification as a public utility using the appellate avenue that the Taxpayers suggest would have been futile. Similarly, appellee Ellsworth County states: "Just because the protesting taxpayer in *Topeka SMSA*, . . . was astute enough to protest [its] initial classification as a 'public utility' (and [eventually] prevail) does not mean that all similarly situated taxpayers should benefit from *Topeka SMSA*'s initiative."

It is well settled law in Kansas that a party challenging an administrative order must exhaust all administrative remedies before seeking judicial review of the agency action. Whether a party is required to or has failed to exhaust its administrative remedies is a question of law over which our review is plenary or unlimited. See *Board of Sedgwick County Comm'rs v. Action Rent To Own, Inc.*, 266 Kan. 293, 296, 969 P.2d 844 (1998); *Nora H. Ringler Revocable Family Trust v. Meyer Land and Cattle Co.*, 25 Kan. App. 2d 122, Syl. ¶ 6, 958 P.2d 1162 (1998).

The doctrine of exhaustion of administrative remedies applies to tax matters. In *State ex rel. Smith v. Miller*, 239 Kan. 187, 718 P.2d 1298 (1986), the court held:

"The well-recognized rule in this state is that where a full and adequate administrative remedy is provided in tax matters by statute, such remedy must ordinarily be exhausted before a litigant may resort to the courts." Syl. ¶ 1.

"A party aggrieved by an administrative ruling is not free to pick and choose a procedure in an action in the district court in order to avoid the necessity of pursuing his remedy through administrative channels." Syl. ¶ 2.

In *Dean v. State*, 250 Kan. 417, 421, 826 P.2d 1372, *cert. denied* 504 U.S. 973 (1992), the court stated:

"In the realm of taxes, matters of assessment, exemption, equalization, and valuation are administrative in character. See *Symns v. Graves*, 65 Kan. 628, 636, 70 Pac. 591 (1902). Under Kansas law, it would be unwarranted for a court to entertain a tax suit on any of these matters of administrative expertise where administrative remedies had not been pursued."

The Taxpayers argue their grievance is remedial pursuant to the plain meaning of K.S.A. 79-1702. The same argument was rejected in *Colorado Interstate Gas*. There, the court held, "[i]n order for BOTA to have jurisdiction under K.S.A. 79-1702, the grievance must not be remediable under K.S.A. 79-1701 (clerical errors) or K.S.A. 1992 Supp. 79-2005 (errors in valuation and assessment not specifically listed in 79-1701)." 18 Kan. App. 2d at 818-19. Here, the Taxpayers raise a similar argument that the remedies under either K.S.A. 79-1701 and K.S.A. 79-2005 are not available and BOTA has jurisdiction under K.S.A. 79-1702. First, this case does not involve clerical errors. Second, K.S.A. 79-2005(o) provides that the statute "shall not apply to the valuation and assessment of property assessed by the [PVD]." As occurred in *Colorado Interstate Gas*, the lack of remedies under K.S.A. 79-1702 must not be the result of a party's failure to utilize proper existing remedies under the taxing code.

In a passing argument, the Taxpayers argue the State should be estopped from asserting the Taxpayers' exclusive remedy was K.S.A. 74-2438. They suggest all the elements of estoppel of a governmental agency are met based on their reliance on the PVD's classification. The appellees contend the Taxpayers' estoppel argument is without merit.

Both parties cite *Allen v. United States*, 630 F. Supp. 367, 371 (D. Kan. 1984), for authority on governmental estoppel. In *Allen*, the plaintiff taxpayer argued the IRS, among several other defendants, committed numerous wrongs against him in connection with the assessment and collection of back taxes. The court stated that the plaintiff must prove the traditional elements of estoppel in order to sustain the claim that the United States was estopped from litigating the taxes at issue. The court relied on the following elements of estoppel:

"(1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." 630 F.Supp. at 371.

The Taxpayers simply do not meet the elements of estoppel set forth in *Allen*. The Taxpayers make no claim the PVD valued any cellular telephone companies as radio common carriers in 1994 and 1995. Furthermore, there is no evidence disputing the fact that during 1994 and 1995, the PVD valued all cellular telephone companies as public utilities pursuant to K.S.A. 79-5a01. Additionally, there are no allegations of bad faith by the PVD. Since *Topeka SMSA* was decided in 1996, there was no way for the PVD to know in 1994 and 1995 that cellular telephone companies would later be deemed "radio common carriers" by the Kansas Supreme Court. We also note the Taxpayers do not dispute the district court's finding that the Taxpayers were aware of the pending appeal in *Topeka SMSA* and the body of case law setting out the exclusive remedy for relief from valuation as a public utility, but yet failed to pursue any appeal. Last, the fact that K.S.A. 74-2438 provides a clear and certain remedy for complete and adequate relief is demonstrated by the result in the *Topeka SMSA case.*

We find the district court did not err in affirming BOTA's decision that it lacked subject matter jurisdiction to consider the Taxpayers' appeal. BOTA did not erroneously interpret the law, and for the aforementioned reasons, its decision was not unreasonable, arbitrary, or capricious. The Taxpayers are simply attempting to seek tax relief after failing to timely exhaust their administrative remedies.

Alternatively, the Taxpayers contend that if this court finds that BOTA did not have subject matter jurisdiction, we could still exercise jurisdiction to decide the case on constitutional grounds, specifically under Article 11, § 1 of the Kansas Constitution requiring uniform and equal taxation for members of the same class. The Taxpayers contend due process and equal protection require *Topeka SMSA* to apply retrospectively to allow their property to be locally assessed to permit equal treatment for taxation purposes with other radio common carriers.

The Taxpayers recognize the exhaustion of administrative remedies doctrine, but cite *Colorado Interstate Gas* for the court's discussion of how "the ultimate power to determine the constitutionality of any agency action rests with the courts." 18 Kan. App. 2d at 821. The Taxpayers claim the PVD's misclassification of them as "public utilities" is a violation of the Kansas Constitution, which gives this court jurisdiction to grant the requested relief.

Appellees cite *Peden v. Kansas Dept. of Revenue*, 261 Kan. 239, 930 P. 2d 1 (1996), *cert. denied* 520 U.S. 1229 (1997), where the court used the reasonable basis test to uphold taxing married couples at a lower rate than single individuals. "The rational basis standard (sometimes referred to as the reasonable basis test) applies to laws which result in some economic inequality. Under this standard, a law is constitutional, despite some unequal classification of citizens, if the classification bears a reasonable relationship to a valid legislative objective." 261 Kan. 239, Syl. ¶ 4.

In *Dean v. State*, 250 Kan. 417, the court considered a taxpayer's claim for a refund of vehicle taxes as a result of an improperly used county average rate. The taxpayers did not timely object to or protest the taxes. The *Dean* court found the taxpayer's claim for recovery of motor vehicle registration tax was an attempt to seek tax relief without first complying with K.S.A. 1991 Supp. 79-2005 and K.S.A. 1991 Supp. 74-2426. The court dismissed the case for lack of subject matter jurisdiction since the taxpayers failed to exhaust administrative remedies. 250 Kan. at 427.

The ultimate question is whether it is constitutionally permissible to collect taxes at a lower rate from taxpayers who successfully challenge their tax classification but at the same time collect taxes at a higher rate from entities who chose not to challenge their classification. Applying the reasonable basis test to the case at bar, we recognize our holding retroactively creates some unequal classification of citizens for tax purposes, but our holding bears a reasonable relationship to a valid legislative objective of timely execution of tax appeals through clear and remedial statutes enacted by the Kansas Legislature.

Affirmed.