(27 P.3d 914)
No. 81,041

In the Matter of the Application of Thomas H. And Elizabeth J. Hocker for Relief from a Tax Grievance in Johnson County, Kansas.

Opinion filed November 9, 2000.

*James T. McIntrye, Esq.,* of Law Offices of James T. McIntrye, Chartered, of Wichita, for the appellant.

*Donald D. Jarrett,* chief counsel, and *Kathryn Myers,* assistant county counselor, of Johson County Legal Department, of Olathe, for the appellee.

Before PIERRON, P.J., BEIER, J., and C. FRED LORENTZ, District Judge, assigned.

PIERRON, J: The appellants, Thomas H. and Elizabeth J. Hocker, appeal the decision of the Kansas Board of Tax Appeals (BOTA), affirmed by the district court, that there was no jurisdiction under K.S.A. 79-1702 to bring this tax grievance. The appellants argue the county's misclassification of their real property is a clerical error within the meaning of K.S.A. 79-1701. We affirm.

The facts in this case are undisputed. The appellants own a tract of land in Johnson County that can be described as a strip of vacant land and an adjacent parking lot.

In 1989 and 1990, Johnson County classified the property as vacant urban with a 12% assessment rate. In 1991, Johnson County changed the property's classification to commercial with a 30% assessment rate. The appellants filed a tax protest in 1991 and 1992 but did not file a tax protest in 1993 or 1994. The protests for the tax years 1991 and 1992 were resolved by a stipulation between the appellants and the county dated October 7, 1994, and approved

by BOTA on December 14, 1994. Pursuant to the stipulation, the parking lot was assessed as commercial property and the vacant lot as vacant urban property.

The stipulation was the result of an inspection of the property by the appraiser in 1994 when he discovered a for-sale sign in the front of the vacant portion of the land. As a result of this information, the appraiser changed his opinion and concluded the vacant portion of the land was not needed as buffer ground for the parking lot and could be taxed as vacant urban property.

On September 25, 1995, the appellants filed a tax grievance alleging an incorrect classification of the subject property for the tax years 1989, 1990, 1993, 1994, and 1995. The appellants argued the county incorrectly classified the property as commercial, when it should have been classified as mixed-use property (in this case 65% commercial and 35% vacant urban) and that this error had been corrected for 1991 and 1992 pursuant to a stipulation of the parties. The county responded:

"Applicant has submitted a copy of a BOTA order and stipulation (Docket No. 92-17172-PR & 93-14855-PR) that was implemented for tax years 1991 and 1992. Since the BOTA order on tax years 1991 and 1992 was not certified until December 16, 1994, the value reflected by the stipulation was not applied to tax years 1993 and 1994. There is no record of any other appeal being filed in 1993 or 1994.

"The county agrees that there is excess land present and that it should be assessed at the 12% rate, however, there is no appeal outstanding for 1993 and 1994 which would provide us jurisdiction to adjust the account. We do not believe this constitutes clerical error, in that we intended to classify all of the land as commercial at the time the values were set."

BOTA ruled the appellants lacked jurisdiction to proceed under K.S.A. 79-1701 as a clerical error. BOTA held the appellants presented a valuation and assessment question which was only remediable under K.S.A. 79-2005 and, thus, BOTA was precluded from addressing the issue as a tax grievance. In denying the motion for reconsideration, BOTA further explained its ruling:

"The Board is convinced, in this particular instance, that the county appraiser used 'judgment or discretion' in classifying the subject property as he did for the 1993 and 1994 tax years. The Board finds that the county appraiser intended the result that occurred in classification for these years. Granted, the result that occurred in 1993 and 1994 was incorrect. However, the result was deliberate, and

therefore, cannot be said to be a clerical error within the meaning of K.S.A. 79-1701."

The appellants sought judicial review in district court. The district upheld BOTA's ruling that it lacked jurisdiction under K.S.A. 79-1702 to decide this tax grievance. The court found the county misclassified the appellant's property because it made the classification decision without gathering sufficient information, but that the error was not a "clerical error" within the meaning of K.S.A. 79-1701 or Kansas caselaw.

The appellants argue the misclassification of property is a clerical error under K.S.A. 79-1701. The appellants also claim the exercise of discretion by the taxing authority is irrelevant.

Our review of BOTA decisions is limited to appeals under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* See *Hickman Trust v. City of Clay Center*, 266 Kan. 1022, 1036, 974 P.2d 584 (1999) (citing *Board of Johnson County Comm'rs v. J.A. Peterson Co.*, 239 Kan. 112, 114, 716 P.2d 188 [1986]). The appellants argue we should grant the requested relief under K.S.A. 77-621(c)(4), (7), and (8) which provide, respectively, for relief if the agency has erroneously interpreted or applied the law, the agency's decision is not supported by substantial competent evidence, and the agency has acted unreasonably, arbitrarily, or capriciously.

"BOTA is a specialized agency that exists to decide taxation issues, and its decisions should be given great weight and deference when it is acting in its area of expertise." *In re Tax Appeal of Univ. of Kan. School of Medicine*, 266 Kan. 737, 749, 973 P.2d 176 (1999). An agency's interpretation of a statute is entitled to judicial deference, but the final construction of a statute lies with the appellate court. The agency's interpretation of a statute, while persuasive, is not binding on the court. See *In re Appeal of United Teleservices, Inc.*, 267 Kan. 570, 572, 983 P.2d 250 (1999).

The general statutory classification of a tax appeal starts with K.S.A. 79-1702, which provides in relevant part: "Errors committed in the valuation and assessment process that are not specifically described in K.S.A. 79-1701, and amendments thereto, shall be remediable only under the provisions of K.S.A. 79-2005, and

amendments thereto." Therefore, all errors which are not classified as clerical errors under K.S.A. 79-1701 are only remediable under the general provisions of K.S.A. 79-2005 as a payment of taxes under protest.

The question presented is whether the appellant's claim of misclassification can be pigeonholed into any of the types of clerical errors listed in K.S.A. 79-1701. K.S.A. 79-1701 provides:

> "The county clerk shall, prior to November 1, correct the following clerical errors in the assessment and tax rolls for the current year, which are discovered prior to such date:
>
> "(a) Errors in the description or quantity of real estate listed;
>
> "(b) errors in extensions of values or taxes whereby a taxpayer is charged with unjust taxes;
>
> "(c) errors which have caused improvements to be assessed upon real estate when no such improvements were in existence;
>
> "(d) errors whereby improvements located upon one tract or lot of real estate have been assessed as being upon another tract or lot;
>
> "(e) errors whereby taxes have been charged upon property which the state board of tax appeals has specifically declared to be exempt from taxation under the constitution or laws of the state;
>
> "(f) errors whereby the taxpayer has been assessed twice in the same year for the same property in one or more taxing districts in the county;
>
> "(g) errors whereby the assessment of either real or personal property has been assigned to a taxing district in which the property did not have its taxable situs; and
>
> "(h) errors whereby the values or taxes are understated or overstated as a result of a mistake on the part of the county."

We note the Kansas Legislature amended K.S.A. 79-1701 in 1999 by deleting the language in subsection (b) "errors in extensions of values or taxes whereby a taxpayer is charged with unjust taxes." L. 1999, ch. 123, § 6. Now, there are only subsections (a) through (g) in K.S.A. 1999 Supp. 79-1701.

The appellants direct us to several applicable rules of statutory interpretation. "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained." *In re Marriage of Killman*, 264 Kan. 33, 42, 955 P.2d 1228 (1998). It is presumed the legislature understood the meaning of words it used and intended to use them in their ordinary and common meaning. See

*In re Tax Appeal of Alex R. Masson, Inc.*, 21 Kan. App. 2d 863, 868, 909 P.2d 673 (1995).

The appellants argue the misclassification of property is the type of error enumerated in subsections (a), (b), (c), and (h) of K.S.A. 79-1701. First, they argue the misclassification of property is an error in the description of the property under K.S.A. 79-1701(a). The County responds that the description of property, that is, its situs, location, and physical attributes, is obviously distinct from its classification for assessment purposes under defined constitutional and statutory criteria. We agree.

The district court properly analyzed the difference in the terms "classification" and "description." First, the county appraiser must prepare an appraisal record for each parcel of property showing, among other things, the proper classification of the property and the proper description of the property. The classification of property determines the rate of assessment. The description of the property refers to the property's physical and legal description. The district court stated that this distinction clarifies the purpose of allowing a correction of a clerical error in the property's description in K.S.A. 79-1701(a):

"The statute's concern with errors in either the 'description or quantity' of real property is logical because they are likely related: if the legal description is incorrect, it could easily cause an error in the computation of the quantity, or area, of the property, resulting in an incorrect assessment. Conversely, an error in classifying property relates to the assessment and valuation process, and, as 79-1701 [79-1702] provides, is remediable only under K.S.A. 79-2005."

Next, the appellants argue that since the county classified the property as commercial, that implies there are improvements thereon, and if there are no improvements, then it should be classified as vacant and remediable under K.S.A. 79-1701(c). The County correctly points out that the classification of property in this case did not cause a nonexistent improvement to be assessed, nor was it an extension of value or taxes.

Next, the appellants contend the county's error is remediable under K.S.A. 79-1701(h) since the value or tax has been overstated as a result of a mistake on the part of the county, and any other interpretation would render this subsection meaningless, which the legislature did not intend in its legislation. See *KPERS v. Reimer*

*& Koger Assocs., Inc.*, 262 Kan. 635, 643, 941 P.2d 1321 (1997) (presumed that the legislature does not intend to enact useless or meaningless legislation). On the other hand, the County argues the appellants are overgeneralizing subsection (h) since all errors in the appraisal process could be said to understate or overstate values or taxes. In a similar claim of meaningless legislation, the County argues K.S.A. 79-2005 is rendered meaningless if all errors were correctable under K.S.A. 79-1701(h) as a result of overstating or understating taxes.

The errors listed in K.S.A. 79-1701 are modified by the words "clerical errors." Considering the Act as a whole, the errors listed in K.S.A. 79-1701 must be taken into consideration with the legislature's mandate that only clerical errors are remediable under K.S.A. 79-1701, and all other errors are remediable under K.S.A. 79-2005. Thus, the legislature has made a distinction in appellate remedies for the two differing types of errors.

The court in *School District No. 95 v. Marion County School Reorganization Committee*, 167 Kan. 665, 208 P.2d 226 (1949), discussed the term "clerical error." The appellants are quick to point out that *School District No. 95* dealt with the improper designation of a common school district and not a taxation matter under K.S.A. 79-1701 or K.S.A. 79-1702. While true, the court there utilized the general definition found in 14 C.J.S. 1202:

" 'Clerical error. An error in performance of clerical work, no matter by whom committed; more specifically, a mistake in copying or writing; a mistake which naturally excludes any idea that its insertion was made in the exercise of any judgment or discretion, or in pursuance of any determination; an error made by a clerk in transcribing; or otherwise, which must be apparent on the face of the record, and capable of being corrected by reference to the record only.' " 167 Kan. at 672.

The appellants rely on *In re Application of U.S.D. No. 437 for Tax Relief*, 243 Kan. 555, 757 P.2d 314 (1988), to support their argument that the exercise of discretion is irrelevant as to whether a particular mistake is a clerical error. In *U.S.D. No. 437*, the taxpayer's property was assigned on the county tax rolls to the wrong school district, and the county commission reassigned the property to the correct taxing district pursuant to K.S.A. 1987 Supp. 79-

1701a. U.S.D. No. 437 sought a reimbursement of taxes for all years the property had been improperly assigned.

U.S.D. No. 437 argued the error was a clerical error under K.S.A. 1987 Supp. 79-1701(g) as "errors whereby the assessment of either real or personal property has been assigned to a taxing district in which the property did not have its taxable situs." U.S.D. No. 501 argued the county's mistake could not be deemed a clerical error because once the error was discovered, the county had to use discretion to determine if the property was assigned to the correct taxing district. The court held the county's mistake was a clerical error under K.S.A. 1987 Supp. 79-1701:

"Appellees argue the statute allows for corrections in just this situation. It argues a narrower reading would cause chaos, as an investigation would have to be made to discover how each error was made in the hundreds of cases of this type each year. Even if the investigation proved fruitful, a narrow reading would render many errors uncorrectable, resulting in taxpayers being unjustly taxed. Appellees also argue there is no discretion involved in assigning property to a particular taxing unit—it is merely a matter of matching the location of the property to the correct geographical district on the taxing map. We agree with the argument of appellees. K.S.A. 1987 Supp. 79-1701(g) clearly and unambiguously makes the assigning of property to the wrong taxing district a clerical error correctable by the county clerk." 243 Kan. at 558.

The appellants are correct that discretion is not the ultimate determining factor of whether an error is a clerical error within the meaning of K.S.A. 79-1701. However, the lack of discretion is a major component of the errors listed in K.S.A. 79-1701.

The appellants rely on language in this court's decision in *Colorado Interstate Gas Co. v. Beshears*, 18 Kan. App. 2d 814, 860 P.2d 56 (1993), where the court considered issues surrounding a tax appeal by a state-assessed public utility. However, the *Beshears* court denied the attempt to use K.S.A. 79-1702 as a collateral challenge to a tax assessment. 18 Kan. App. 814, Syl. ¶ 2. In *Beshears*, the pipeline companies argued that *Wirt v. Esrey*, 233 Kan. 300, 662 P.2d 1238 (1983), supported their proposition that K.S.A. 79-1702 gave BOTA jurisdiction to grant taxpayers relief for tax assessment complaints not otherwise remediable. In *Wirt*, the taxpayer was given a refund by BOTA for taxes paid under protest because of an improper valuation of its property by Johnson

County. The court in *Wirt* found K.S.A. 79-1702 had been amended in 1980 to effectively eliminate a taxpayer's use of K.S.A. 79-1702 when concerning errors in valuation and assessment. Additionally, the *Wirt* court also said the valuation issue was clearly not a clerical error remediable under K.S.A. 79-1701. 233 Kan. at 316-17.

The classification of the appellant's property in 1991 was a determination *later* found to be erroneous. The classification of the property in 1991 was assigned as a matter of professional judgment and determination made by an appraiser based upon the facts known to him or her at the time that the vacant property was green space surrounding commercially used land. That classification was recorded correctly in 1991 according to the assessment of the appraiser. The appellants have a duty to follow the proper statutory provisions for appealing this determination in order to protect their rights.

The appraiser's 1991 classification and assessment was not found to be erroneous until 1994 when the appraiser reviewed the situation and reached a decision that the vacant property was a separate tract of land capable of being "split-out" and separately taxed as mixed-use property. However, that decision was not finalized until BOTA adopted the parties' stipulation in December 1994. Until that date, the classification was not erroneous and the appellants were required to follow the proper tax protest provisions in K.S.A. 79-2005. The appraiser's classification of the property was not clerical error.

The appellants failed to properly appeal their taxes in 1993 and 1994. They had the full opportunity to file an evaluation appeal or tax protest for 1993 and 1994. They did not. We note that appellants appealed their taxes in 1991 and 1992 by filing a payment of taxes under protest but failed to follow the same procedure for 1993 and 1994 even though their 1991 and 1992 tax appeals had not been resolved.

Affirmed.