The Honorable Don Hill
State Representative, 60th District
State Capitol, Room 411-S
Topeka, Kansas 66612
Dear Representative Hill:
You request our opinion regarding whether county treasurers should charge interest on post-judgment taxes at the rate established by K.S.A. 2005 Supp. 16-204 or K.S.A. 79-2968. You indicate that this question has arisen in light of inconsistencies in determining the correct amount of interest on such tax debts. While this office has previously addressed interest rates on tax debts, it appears that the specific issue you present has never been answered by either this office or the courts.([1])
K.S.A. 2005 Supp. 79-2801 et seq. establish and authorize the procedure whereby property may be judicially foreclosed upon. K.S.A. 2005 Supp. 79-2801(a) requires that the petition to enforce a tax lien against unredeemed real estate must include, among other information, the approximate amount of interest and penalties charged against each such tract of property.([2])
K.S.A. 79-2901 et seq. set forth miscellaneous provisions associated with Kansas tax laws. K.S.A. 79-2968 provides the rate of interest to be charged upon delinquent or unpaid taxes levied or imposed by the State of Kansas or any taxing subdivision:
"Except as otherwise specifically provided by law, whenever interest is charged under any law of this state upon any delinquent or unpaid taxes levied or imposed by the state of Kansas or any taxing subdivision thereof, or whenever interest is allowed under any law of this state upon any overpayment of taxes levied or imposed by the state of Kansas or any taxing subdivision thereof, the rate thereof shall be: . . . In the event the interest rate prescribed under this section cannot be determined by reference to section 6621 of the federal internal revenue code, as in effect on September 1, 1996, the rate at which interest shall be collected on underpayments shall be the rate prescribed by K.S.A. 16-204, and amendments thereto, for interest on judgments for the applicable period."
([3]) The other statute referenced in your opinion request letter is K.S.A. 2005 Supp. 16-204.([4]) This statute provides in pertinent part:
"Except as otherwise provided in accordance with law, and including any judgment rendered on or after July 1, 1973, against the state or any agency or political subdivision of the state: (a) Any judgment rendered by a court of this state before July 1, 1980, shall bear interest as follows. . . ."
([5]) Each of the above-quoted statutes establishes an interest rate to be applied to specific debts.([6])
The fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the Legislature governs if that intent can be ascertained.([7]) In order to determine the legislative intent, the courts first look to the language in the statute; if it is clear and unambiguous, the courts must interpret the plain language according to the intent expressed therein.([8]) When comparing and deciding which of two statutes applies to a specific situation, a specific statute controls over a general statute unless it appears that the Legislature intended to make the more general statute controlling.([9])
K.S.A. 79-2968 is clearly a more specific statute, dealing only with debts arising in the context of property taxes.([10]) When interpreting tax statutes, the courts will not extend implication beyond the clear language, and will resolve any doubts in favor of the tax payer.([11]) "It is well established that judicial foreclosures of real estate for nonpayment of taxes are creatures of statute and must be complied with to give a court jurisdiction to proceed. The entire matter of taxation, including the levy and collection of taxes, is statutory and does not exist apart from statute."([12])
In order to determine whether the specific provisions in K.S.A. 2005 Supp. 79-2968 control, we must establish the point at which interest may accrue on a tax debt. Therefore, we believe it may be helpful to first establish the different steps connected with assessing and collecting property taxes, specifically focusing upon the points at which interest may begin accruing.
The property tax cycle begins on January 1 of each year, when a tax is assessed and attaches to taxable property as of that date.([13]) The next steps leading up to preparation of a tax bill, and following compilation and valuation of the taxable property, include preparation of tentative budgets by the cities, counties and school districts.([14]) After public hearings and publication, a final budget is certified to the county clerk.([15]) The tax due on each piece of property is then calculated based upon the amount of money budgeted and the approved mill levy rates.([16]) The county clerk delivers a final tax roll to the county treasurer and the treasurer prepares a tax bill.([17]) The county treasurer then mails tax statements to the property owners.([18])
If the property tax is not paid according to the applicable schedule established by K.S.A. 2005 Supp. 79-2004, interest on the tax debt may begin accruing. The first half of the property taxes (or all of the tax debt if the bill is under $10) begins to accrue interest on December 20, pursuant to K.S.A. 2005 Supp. 79-2004, and if the first half is not paid on or before December 20, interest on the full amount begins to accrue on the full tax bill pursuant to K.S.A. 2005 Supp. 79-2004a. K.S.A. 2005 Supp. 79-2968 establishes the rate of interest used to determine the interest owed at this point.([19])
Taxes assessed for a particular year become delinquent if they are not paid by the following June 20.([20]) In July, the county treasurer prepares and publishes a list of real estate for which taxes are delinquent.([21]) After publication of this list, any property that is still subject to the automatic tax lien arising when taxes becomes delinquent may be "bid off" for the amount of the unpaid taxes.([22]) Although the term "sale" is used in K.S.A. 79-2306, the county treasurer is the only entity allowed to bid, in order to perfect the county's tax lien on the real estate.([23]) Real property that is "bid off" by the county is then held for two years, unless redeemed pursuant to K.S.A. 2005 Supp. 79-2401a, until it can be sold in foreclosure under K.S.A. 29-2801 et seq. Once the foreclosure petition has been filed, the property owner has another opportunity to redeem the property.([24]) K.S.A. 79-2803.
After the entry of judgement in a foreclosure action, the property can then be sold at a sheriff's sale([25]) to the highest and best bidder. Anyone who had a right to redeem the property under K.S.A. 79-2803 must pay at least the amount of the judgement lien (which will include the accrued interest), while all other bidders are free to bid less.([26]) Thus, it is at this point that the owner of the property has to either pay the delinquent tax, costs, and interest at the appropriate rate or forever lose the real property. Because K.S.A. 16-204 applies to judgement debt interest, it would normally apply to a debt created by such a judgement.
However, a tax judgement falls under the scope of the more specific statutes set forth in Chapter 79. As discussed in Attorney General Opinion No. 97-87, several Kansas Supreme Court decisions state that the tax foreclosure statutes are "a complete and independent code for the collection of taxes levied and assessed upon real estate, having a separate and distinct judicial proceeding in which its own procedures and limitations are prescribed, . . ."([27]) Each of these cases involved situations where one of the parties was attempting to use general provisions in the Code of Civil Procedure in lieu of specific provisions in the tax foreclosure statutes. In each case, the Court found that the tax code rules controlled. Thus, the issue becomes whether the tax code provides the correct rate of interest, post judgment.
We believe the answer to your question may be found at K.S.A. 2005 Supp. 79-2004(d). This provision of the tax code establishes the rates in K.S.A. 79-2968 as the correct amounts to be charged while attempting to collect unpaid taxes. It states:
"(d) All real property taxes of any year past due and unpaid on the effective date of this section and interest accrued thereon pursuant to this section prior to its amendment by this act shall draw interest at the rate prescribed by K.S.A. 79-2968, and amendments thereto, plus two percentage points, per annum from the effective date of this section until paid or until the real property is sold for taxes by foreclosure as provided by law."
([28]) Thus, pursuant to K.S.A. 2005 Supp. 79-2004(d), K.S.A. 79-2968 should be used to provide the interest rate for tax debts up to the point that the property is sold. In our opinion, K.S.A. 2005 Supp. 79-2004(d) requires use of K.S.A. 79-2968 rates in determining the interest owed on debts arising out of unpaid delinquent real estate taxes until those debts are paid or until the real property is sold in foreclosure, whichever occurs first.
Sincerely,
PAUL MORRISON
Attorney General
Theresa Marcel Bush
Assistant Attorney General
PM: JLM: TMB: jm
[1] See Attorney General Opinions No. 92-129 (pursuant to K.S.A.79-5114, K.S.A. 79-2968 should be used to calculate the interest that accrues on unpaid motor vehicle taxes); 89-88 (K.S.A. 79-2004a provides for the accrual of interest on delinquent personal property tax even if there's been a partial payment); and 82-243 (persons wishing to totally redeem property already bid off by the county, the amount of interest owed by the person must be calculated using rates established in K.S.A.79-2004 and 79-2004a, however, K.S.A. 79-2968(b) is to determine the interest rate used if a person wishes to merely make a partial payment redemption; note, K.S.A. 79-2004(d) did not exist and K.S.A. 79-2004a
has been significantly amended since Attorney General Opinion No. 82-243 was issued, see L. 1980, Ch. 308 §§ 2 and 3 and L. 1981, Ch. 382, § 1).See also Johnson County Commissioners v. Roberts et al, 231 Kan 135
(1982) (purchaser of property at a tax foreclosure sale was entitled to a refund of money he paid as the purchaser at the foreclosure sale, together with interest at an unspecified rate, after the sale was invalidated on the grounds that not all the proper parties were made defendants to the action).
[2] See also K.S.A. 2005 Supp. 79-2401a, which sets forth the same requirement in connection with redeeming property. In addition, under K.S.A. 79-2401(a) the petition should also include a request that the court determine the final amount of tax and interest for the property in question.
[3] Emphasis added. The rates of interest established by K.S.A.79-2968 are dependant upon the periods and dates involved.
[4] This statute is part of the Act on "Contracts and Promises" and we note that K.S.A. 79-2968 specifically cites this statute as providing the "fall-back" rate in certain circumstances.
[5] Emphasis added. The statute goes on to provide for various rates of interest for civil judgements entered at different time periods.
[6] Both statutes provide for reliance upon other applicable laws if the alternative authority applies to the situation at hand.
[7] Britz v. Williams, 262 Kan. 769, 774 (1997).
[8] Tompkins v. Bise, 259 Kan 39, 43 (1996).
[9] In re Polaroid ID Systems, Inc., 31 Kan.App.2d 448, 455 (2003);State v. Fritz, 261 Kan 294, 302 (1997).
[10] It is the statute used to determine the interest rate that accrues as soon as a property tax becomes delinquent and it also establishes the rate of interest on refunds paid to persons incorrectly charged a tax; See In re Kinnet 26 Kan.App.2d 250 (1999) ("errors made in taxing may be addressed by ordering a refund of the amount found to have been unlawfully charged and collected and interest at the rate prescribed by K.S.A. 79-2968, and amendments thereto, minus two percentage points").
[11] Application of Kaul, 261 Kan 755, 766 (1997).
[12] Pierce v. Board of County Commissioners, 200 Kan. 74, 78
(1967).
[13] See K.S.A. 79-1412a (powers and duties of counties and their appraisers) and 79-408 (real estate assessment rolls completed by county clerk and delivered to county appraisers).
[14] See K.S.A. 2005 Supp. 79-2927 (taxing subdivisions itemized budget procedure and form) and K.S.A. 72-8204a (annual budget and tax levy by school districts).
[15] K.S.A 2005 Supp. 79-1801 (certification of ad valorem tax to be levied by taxing subdivisions).
[16] K.S.A. 79-1803 (computation of tax levy rates by county clerk, delivery of tax rolls to county treasurer) and K.S.A. 2005 Supp. 79-1945et seq. (authority to tax, limitations and calculation of tax levies).
[17] See K.S.A. 79-1804 (when taxes are due; lien on property created).
[18] See K.S.A. 2005 Supp. 79-2001 (entry of unpaid real property tax, publication and notice of all taxes, mailing and contents of tax statements).
[19] K.S.A. 2205 Supp. 79-2004(d).
[20] K.S.A. 79-2301.
[21] K.S.A. 29-2302 and 79-2303.
[22] K.S.A. 79-2306. See also K.S.A. 79-2322.
[23] See Heim, Michael R. "Kansas Local Govt. Law" Kansas Bar Association § 9.18 (1991).
[24] K.S.A. 79-2803.
[25] K.S.A. 79-2803 and K.S.A. 2005 Supp. 79-2804.
[26] See K.S.A. 79-2804g and 29-2804h.
[27] Phillips Petroleum Co. v. Moore, 179 Kan. 482, Syl. 3 (1956).See also Jesberg v. Klinger, 184 Kan. 519, 523-24 (1959); Board ofCounty Commissioners v. Matlock, 192 Kan. 272, 273-74 (1963); Pierce v.Board of County Commissioners, 200 Kan. 74, 78-79 (1967).
[28] Emphasis added.