(228 P.3d 1080)
No. 102,159

IN THE MATTER OF THE TAX APPEAL OF DILLON REAL ESTATE
CO., INC., and MISSION TOWNSHIP (CITY OF TOPEKA).

—

Opinion filed April 8, 2010.

*Shelly Starr*, chief of litigation, of office of city attorney, for appellant City of Topeka.

*Jarrod C. Kieffer* and *Robert J. O'Connor*, of Stinson Morrison Hecker LLP, of Wichita, for appellee Dillon Real Estate Co., Inc.

*John R. Hamilton* and *David E. Watson*, of Hamilton, Laughlin, Barker, Johnson & Watson, of Topeka, for appellee Mission Township.

Before RULON, C.J., GREENE, J., and KNUDSON, S.J.

GREENE, J.: The City of Topeka appeals a Court of Tax Appeals' order that asserted jurisdiction over a tax grievance and required the City to refund ad valorem taxes paid by Dillon Real Estate Co. Inc. (Dillon), after our Supreme Court annulled an annexation by the City of the property giving rise to these taxes in *Dillon Real Estate v. City of Topeka*, 284 Kan. 662, 163 P.3d 298 (2007). The City argues that Dillon's tax grievance was improper because it was not based on a clerical error under K.S.A. 2009 Supp. 79-1701, and that Dillon should have paid its taxes for the years in question under protest pursuant to K.S.A. 2009 Supp. 79-2005 in order to claim its refunds under these circumstances. Concluding that Dillon's tax grievance was the proper vehicle to seek its tax refunds, we affirm the Court of Tax Appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2003, the City announced its annexation of approximately 10 acres within the Mission Township, which lands contained Dillon's Store #37. In January 2004, Dillon joined with Mission Township and the Sherwood Improvement District to challenge the annexation. The ensuing litigation proceeded through the district court, where the City ultimately prevailed on summary judgment. On appeal of this judgment, our Supreme Court ruled in July 2007 that the annexation was in contravention of applicable statutes and "a nullity." *Dillon Real Estate*, 284 Kan. at 681.

Throughout the pendency of the annexation litigation, the City levied ad valorem taxes against Dillon for its property included in the annexation. For tax years 2004, 2005, and 2006, Dillon paid the taxes levied by the City and did not pay them under protest.

In December 2007, Dillon and Mission Township filed tax grievances, see K.S.A. 2009 Supp. 79-1701 and K.S.A. 2009 Supp. 79-1702, with the Court of Tax Appeals (COTA) seeking a refund of taxes wrongfully collected by the City on the property that had been subject to the void annexation. (2009 versions of statutes are materially unchanged from 2007 versions.) In January 2009, COTA found that because the annexation was declared a nullity, the tax situs of Dillon had always been Mission Township and the assessment of taxes by the City was a clerical error under K.S.A. 2009 Supp. 79-1701. COTA ordered Shawnee County to correct the clerical error in the assignment of the taxing district to reflect that the subject properties were located in Mission Township and ordered refunds to Dillon for taxes paid in 2004, 2005, and 2006, less an offset for taxes owed to Mission Township—the correct situs of the property in these tax years.

The City's motion for reconsideration was denied, and a timely petition for judicial review is now before us.

## STANDARDS OF REVIEW

Judicial review of COTA's orders is governed by K.S.A. 2009 Supp. 77-621. For purposes of this appeal, application of this statute requires the appellate court to grant relief if: (i) The agency has erroneously interpreted or applied the law, K.S.A. 2009 Supp. 77-621(c)(4); or (ii) the agency action is otherwise unreasonable, arbitrary, or capricious. K.S.A. 2009 Supp. 77-621(c)(8).

This case involves an issue of statutory interpretation. Statutory interpretation is a question of law, but special rules apply when this court reviews an administrative agency's interpretation or' application of a statute. See *Coma Corporation v. Kansas Dept. of Labor*, 283 Kan. 625, 629, 154 P.3d 1080 (2007).

" 'The doctrine of operative construction of statutes provides that the interpretation of a statute by an administrative agency charged with the responsibility of enforcing the statute is entitled to judicial deference. If there is a rational basis for the agency's interpretation, it should be upheld on judicial review. If, however, the reviewing court finds that the administrative agency's interpretation is erroneous as a matter of law, the court should take corrective steps. The determination of an administrative agency as to questions of law is not conclusive and, while persuasive, is not binding on the courts. [Citation omitted.]' *Winnebago Tribe of*

*Nebraska v. Kline*, 283 Kan. 64, 70, 150 P.3d 892 (2007)." *Hill v. Kansas Dept. of Labor*, 42 Kan. App. 2d 215, 227-28, 210 P.3d 647 (2009).

But see *Graham v. Dokter Trucking Group*, 284 Kan. 547, 554, 161 P.3d 695 (2007) (the appellate courts have been reluctant to apply the doctrine of operative construction when faced with questions of law on undisputed facts. The Supreme Court has held that the determination of an administrative body on a question of law on undisputed facts in not conclusive and while persuasive, it is not binding on the court. See, *e.g., Fieser v. Kansas Bd. of Healing Arts*, 281 Kan. 268, 270-71, 130 P.3d 555 [2006]).

## DID COTA ERR IN ASSERTING ITS JURISDICTION BASED ON DILLON'S REQUEST FOR REFUNDS IN THE FORM OF A TAX GRIEVANCE UNDER K.S.A. 2009 SUPP. 79-1701?

The City initially challenges COTA's jurisdiction, arguing that Dillon's tax grievance was not based on a clerical error delineated by K.S.A. 2009 Supp. 79-1701 and therefore barred by K.S.A. 2009 Supp. 79-1702 because errors not specifically listed in K.S.A. 2009 Supp. 79-1701 are remediable only by payment under protest pursuant to K.S.A. 2009 Supp. 79-2005. The City contends that its assessments for each of the tax years in question was pursuant to an annexation of record and valid in every respect until the later decision of the Supreme Court. Accordingly, the City argues that there was no "clerical error" regarding the situs of the subject property, as contemplated and required for a tax grievance under K.S.A. 2009 Supp.79-1701.

We begin by examining the operative statutes. K.S.A. 2009 Supp. 79-1701 provides:

"The county clerk shall, prior to November 1, correct the following clerical errors in the assessment and tax rolls for the current year, which are discovered prior to such date:

"(a) Errors in the description or quantity of real estate listed;

"(b) errors which have caused improvements to be assessed upon real estate when no such improvements were in existence;

"(c) errors whereby improvements located upon one tract or lot of real estate have been assessed as being upon another tract or lot;

"(d) errors whereby taxes have been charged upon property which the state court of tax appeals has specifically declared to be exempt from taxation under the constitution or laws of the state;

"(e) errors whereby the taxpayer has been assessed twice in the same year for the same property in one or more taxing districts in the county;

"(f) *errors whereby the assessment of either real or personal property has been assigned to a taxing district in which the property did not have its taxable situs*; and

"(g) errors whereby the values or taxes are understated or overstated as a result of a mathematical miscomputation on the part of the county." (Emphasis added.)

K.S.A. 2009 Supp. 79-1702 provides:

"If any taxpayer, municipality or taxing district shall have a grievance described under the provisions of K.S.A. 79-1701 or 79-1701a, and amendments thereto, which is not remediable thereunder solely because not reported within the time prescribed therein, or which was remediable thereunder and reported to the proper official or officials within the time prescribed but which has not been remedied by such official or officials, such grievance may be presented to the state court of tax appeals and if it shall be satisfied from competent evidence produced that there is a real grievance, it may direct that the same be remedied either by canceling the tax, if uncollected, together with all penalties charged thereon, or if the tax has been paid, by ordering a refund of the amount found to have been unlawfully charged and collected and interest at the rate prescribed by K.S.A. 79-2968, and amendments thereto, minus two percentage points.

. . . .

"Errors committed in the valuation and assessment process that are not specifically described in K.S.A. 79-1701, and amendments thereto, shall be remediable only under the provisions of K.S.A. 79-2005, and amendments thereto."

The precise question framed is whether the basis for Dillon's grievance was a clerical error correctable under K.S.A. 2009 Supp. 79-1701(f) or whether Dillon should be barred from refund relief because it failed to pay these taxes under protest for each of these tax years under K.S.A. 2009 Supp. 79-2005.

The City argues that a void annexation does not constitute a clerical error within the meaning of K.S.A. 2009 Supp. 79-1701 because the clerk did not make a mistake by assigning the annexed property to the City's tax district. COTA rejected this argument as follows:

"K.S.A. 79-1701(f) defines a clerical error subject to correction to include '[e]rrors whereby the assessment of either real or personal property has been assigned to a taxing district in which the property did not have its taxable situs.'

The Court finds that the taxable situs of the subject property was Mission Township because the purported annexation was a nullity. The subject property was assigned to taxing districts where the property did not have its taxable situs. The clerk's state of mind is not the determinative factor. As a result, the correct taxing district for the subject property for tax years 2004, 2005, and 2006 was Mission Township."

On appeal, the City essentially argues that COTA erred in suggesting the "clerk's state of mind is not the determinative factor," arguing that the assignment of taxing district here was "not an error at all," citing both *In re Tax Relief Application of Hocker*, 29 Kan. App. 2d 248, 27 P.3d 914 (2000), *rev. denied* 271 Kan. 1036 (2001), and *In re Application of Kinnet*, 26 Kan. App. 2d 250, 984 P.2d 725 (1999). We examine both cases to determine their applicability here.

In *Hocker*, a panel of our court ruled that a taxpayer could not obtain retroactive grievance relief based upon an appraiser's classification of the property that was later determined to be erroneous. 29 Kan. App. 2d at 252-55. The court held:

"The appellants are correct that discretion is not the ultimate determining factor of whether an error is a clerical error within the meaning of K.S.A. 79-1701. However, the lack of discretion is a major component of the errors listed in K.S.A. 79-1701.

. . . .

". . . The classification of the property in 1991 was assigned as a matter of professional judgment and determination made by an appraiser based upon the facts known to him or her at the time that the vacant property was green space surrounding commercially used land. That classification was recorded correctly in 1991 according to the assessment of the appraiser. The appellants ha[d] a duty to follow the proper statutory provisions for appealing this determination in order to protect their rights." 29 Kan. App. 2d at 254-55.

We conclude that *Hocker* is not applicable here because *Hocker*'s classification error was not among the *specific* errors recognized and listed within K.S.A. 79-1701, thus more properly considered an error "committed in the valuation and assessment process" and remediable only under K.S.A. 79-2005. See K.S.A. 2009 Supp. 79-1702. In contrast, the error here was among those specifically listed in K.S.A. 2009 Supp. 79-1701, *to wit*, an error whereby the property was assigned to a taxing district where the

property had no taxable situs. Although the panel in *Hocker* included a definition of "clerical error" in its opinion, the court stopped short of applying that definition as a condition to relief under K.S.A. 79-1701. Indeed, the legislature has itself characterized *all* of the itemized errors in the statute as "clerical errors," and it is beyond our province to declare that any of those listed errors—which are expressly characterized by the legislature as clerical errors—are not, in fact, clerical in nature.

In *Kinnet*, a panel of our court ruled that a judicial decision holding that one cellular telephone company was not a public utility did not support a tax grievance seeking retroactive refund relief for other cellular companies whose property had been classified and taxed as public utility property in past years. 26 Kan. App. 2d at 256-59. The court based its decision on the prospective nature of the judicial decision at issue, the failure of the taxpayers to exhaust their administrative remedies, and the absence of any cognizable claim under the uniform and equal provision of Article 11, §1 of the Kansas Constitution. 26 Kan. App. 2d at 258-59.

We are not convinced that *Hocker* and *Kinnet* have application here because the error in those cases is not among those specifically listed in K.S.A. 2009 Supp. 79-1701. Moreover, the judicial decision at issue in *Kinnet*, 26 Kan. App. 2d at 253, was held to be for prospective application only, whereas the annexation decision at issue herein clearly and expressly declared that the 2003 annexation was "a nullity." See *Dillon Real Estate*, 284 Kan. at 681. As a matter of law, the annexation never occurred, thus rendering the assessments by the City to be errors whereby property was assigned to a district where the property had no taxable situs. See Black's Law Dictionary 1173 (9th ed. 2009) (nullity is something that is legally void).

It is obvious from these cases, however, that our appellate courts have struggled with the applicability of 79-1701 where the error was not specifically listed and not particularly clerical in nature. We believe, however, that the City urges us to read the statute erroneously, suggesting that the listed errors should not be subject to tax grievance relief unless they are clerical in nature. In fact, the legislature has listed the errors and specifically characterized them

as "clerical errors" in K.S.A. 2009 Supp. 79-1701(a)-(g). If the legislature had intended the City's construction, the statute could have given authority for correction of "clerical errors when they arise in the following contexts." Instead, the statute clearly states that the listed errors are "clerical errors" by legislative fiat. Parsing each such error for the reason it occurred, including examination of intention, discretion, or judgment of tax authorities is simply not required by the statute.

Although the City suggests that Dillon should have paid its taxes under protest pursuant to K.S.A. 2009 Supp. 79-2005 during the pendency of the litigation, we agree with Dillon that payment under protest would have been disingenuous and futile so long as it had not yet achieved success in the challenge to annexation. Until July 2007, any suggestion that Dillon's property had been assigned to the wrong taxing district was false; the annexation had legal effect in December 2003, and any tax protest filed on the basis of erroneous assignment would have been subject to summary dismissal by county officials and COTA. Perhaps Dillon could have filed such protests and sought a stay of proceedings pending a final decision in the annexation litigation, but we note that the statutory time limitations on all aspects of such a proceeding would likely have dictated denial of stay and summary dismissal. See K.S.A. 2009 Supp. 79-2005(a), (g), and (i); K.S.A. 2009 Supp. 74-2438.

In the final analysis of the question, the fact that any "error whereby the assessment of either real of personal property has been assigned to a taxing district in which the property did not have its taxable situs" has been deemed a "clerical error" by the legislature in K.S.A. 2009 Supp. 79-1701(f). Such errors are clearly remediable by the tax grievance procedure, whether the result of mistake, erroneous reporting, fraud, or a void annexation. Our Supreme Court has stated in rejecting a similar attempt to restrict the application of K.S.A. 1987 Supp. 79-1701(g) [now K.S.A. 2009 Supp. 79-1701(f)]:

"Appellant argues the county's mistake cannot be deemed a clerical error, because once the error was discovered, the county had to use discretion to determine if the property was assigned to the correct taxing district.

"Appellees argue the statute allows for corrections in just this situation. It argues a narrower reading would cause chaos, as an investigation would have to be made to discover how each error was made in the hundreds of cases of this type each year. Even if the investigation proved fruitful, a narrow reading would render many errors uncorrectable, resulting in taxpayers being unjustly taxed. Appellees also argue there is no discretion involved in assigning property to a particular taxing unit—it is merely a matter of matching the location of the property to the correct geographical district on the taxing map. We agree with the argument of appellees. K.S.A. 1987 Supp. 79-1701(g) clearly and unambiguously makes the assigning of property to the wrong taxing district a clerical error correctable by the county clerk." *In re Application of U.S.D. No. 437 for Tax Relief*, 243 Kan. 555, 558, 757 P.2d 314 (1988).

COTA did not err in asserting its jurisdiction over Dillon's tax grievance under K.S.A. 2009 Supp. 79-1701(f).

## WAS COTA'S REFUND ORDER OVERBROAD IN EXTENDING TO THREE TAX YEARS RATHER THAN TWO?

The City next argues that COTA erred in ordering refunds for tax year 2004 because K.S.A. 2009 Supp. 79-1701a limits the authority of a county board of commissioners to correct errors to "the current year and the immediately preceding two years during the period on and after November 1 of each year." Consequently, the argument is that COTA likewise had authority to correct errors only for 2005 and 2006, but not 2004.

At the outset, we note that this argument was never presented to COTA—either prior to or in the City's motion for reconsideration. K.S.A. 2009 Supp. 77-617 limits new issues being raised on judicial review of administrative actions, and the issue now asserted by the City is not among those permitted to be raised absent having been raised before the agency.

Even if we were to reach the merits of the issue, however, we believe the City again misinterprets the statutory scheme. Although the board of county commissioners has time restrictions on the scope of relief, we see no similar restrictions on COTA. COTA's authority is governed by K.S.A. 2009 Supp. 79-1702, which provides:

"If any taxpayer, municipality or taxing district shall have a grievance described under K.S.A. 79-1701 or 79-1701a which is not remediable thereunder solely because not reported within the time prescribed therein, . . . it may direct that

the same be remedied either by cancelling the tax, if uncollected, together with the penalties charged thereon, or if the tax has been paid, by ordering a refund of the amount found to have been unlawfully charged and collected [with] interest . . . ."

K.S.A. 2009 Supp. 79-1702 clearly gives COTA the authority to correct errors that would otherwise be available under K.S.A. 2009 Supp. 79-1701 and K.S.A. 2009 Supp. 79-1701a, but are not remediable thereunder because they not reported within the time prescribed therein. Applying the limits of K.S.A. 2009 Supp. 79-1701a to K.S.A. 2009 Supp. 79-1702 contradicts the language of K.S.A. 2009 Supp. 79-1702 authorizing COTA to correct errors not reported within the time limits of K.S.A. 2009 Supp. 79-1701a. While K.S.A. 2009 Supp. 79-1701a limits the board of county commissioners to correcting errors for the "current year and the immediately preceding two years," no such limitation is found in K.S.A. 2009 Supp. 79-1702.

In summary, we perceive no error by COTA in awarding refund relief to Dillon for three tax years pursuant to the tax grievance procedure where the City had collected ad valorem taxes on property that was improperly assigned to the City's taxing district because of an annexation later deemed a nullity.

Affirmed.