· No. 35,419

W. D. NOTT, *Appellee,* v. W. E. BEIGHTEL and ALVA BLACKWOOD, *Appellants.*

(122 P. 2d 747)

Opinion filed March 7, 1942.

*Donald G. Sands* and *M. A. Bender,* both of Holton, were on the briefs for the appellants.

*Albert M. Cole,* of Holton, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to quiet title to real estate and to enjoin defendant from interfering with plaintiff's use and possession of certain personal property located thereon. Judgment was for the plaintiff. Defendants appeal.

The real estate in question is two town lots in Holton. After alleging the residence of the parties, the petition alleged that plaintiff was the owner of the two lots, including all buildings and machinery located on them; that he by and through his immediate predecessors in title had been continuously in open, notorious and actual possession of the lots for more than twenty years; that plaintiff claimed fee title to the lots and buildings, and defendants claimed title adverse to that of plaintiff, which constituted a cloud on his title.

The prayer was that the title of plaintiff to the real estate be quieted and that defendants be enjoined from claiming any interest in the personal property.

In a supplemental petition plaintiff made his original petition a part thereof and further alleged that he acquired title to the real estate in question by quitclaim deed from the Union Pacific Railroad Company. A copy of the deed was attached.

The petition further alleged that plaintiff's claim to the personal property in question was based upon a written lease entered into between certain parties on January 8, 1929, and assigned to one of the defendants on January 1, 1933; that this lease provided that any breach of any covenant in it by the lessee would terminate it; that the lease also provided that within thirty days after the termination of the same, the lessee should remove from the premises all structures and other property and in case of lessee's failure to do so the structures and other property should upon the expiration of thirty days become the property of the lessor.

The petition then stated that the lessee failed to pay the rent for 1938 and by reason of that default the lease was terminated, and the lessee failed to remove the structures from the land but surrendered possession and plaintiff had been and was in possession of them.

The prayer of this supplemental petition was the same as that of the original petition.

The answer was a denial that plaintiff was in possession of the premises but alleged that he was a trespasser thereon and that the defendant Beightel was the owner of the premises.

The answer further stated that the Union Pacific Railroad Company in 1935 abandoned the land referred to in the plaintiff's petition and ever since that time had no interest in the premises and the lease was void.

The answer also alleged that the property prior to 1935 was used by the company for right-of-way purposes and that the company had removed its tracks from the lots and caused them to revert to the original owners thereof and that the original owners had conveyed them to Beightel and he was then the owner of them free and clear of any claim of the railroad company or its assigns.

The evidence of the plaintiff showed that the lots were conveyed to the railroad company in fee title by warranty deed without any reversion clause and without any mention of the use to which the property would be put by the company. This deed was executed in 1889.

The lease was next introduced in evidence. It contained a stipulation that the breach of any convenant to be performed by the lessee would work a termination of the lease and that no notice of such termination would be required and that the lessor might at once enter upon the premises and repossess same. The lease contained another section that the lessee agreed to vacate the property

within thirty days after the termination of the lease and remove from the premises all structures not belonging to the lessor; that there was an elevator scale house and other buildings on the lots; that the plaintiff used them for machinery; that the rent on the lease had been paid up to January 1, 1938, and that on November 11, 1938, plaintiff obtained from the Union Land Company a quit-claim deed to the lots and the lots had been conveyed to the Union Land Company by the railroad company.

The defendant testified that he had operated the elevator since 1919 under a lease; that the elevator was located partly on one lot and partly on another; that the railroad track was taken up and service abandoned in 1935; that he never did deliver the property to plaintiff.

Defendant also testified that on November 25, 1938, he obtained a quitclaim deed to each of the lots from one of the numerous heirs of the persons who had conveyed them to the railroad company.

After having heard this evidence the trial court found that the plaintiff was the owner of the real estate described, including all fixtures and elevator buildings, machinery and equipment thereon and that the defendants had no right, title or interest thereto.

The title of the plaintiff to the real estate was declared to be absolute and the defendants were barred from interfering with possession of or setting up any right or interest in any of the property thereto adverse to the title of the plaintiff.

After a motion for a new trial was overruled the defendants appeal.

Appellants argue that when the land was conveyed to the railroad company the conveyance only passed title to a right of way thereon regardless of what was said in the deed and that when the property of the railroad company was abandoned and the tracks torn up title to the premises reverted to the original owners, and the defendant Beightel having purchased the interest of the heirs of the original owners, was the absolute owner of the premises.

Defendant cites and relies on *Abercrombie v. Simmons*, 71 Kan. 538, 81 Pac. 208. This court held under the peculiar circumstances of that case that the conveyance of land to a railway company for a right of way did not vest an absolute title in the company, but the interest conveyed was terminated by the use for which the property was acquired and when that use was abandoned the property reverted to the adjoining owner.

The case is not authority for the position taken by the defendant here, however, for the reason that the court stated as follows:

"We are not called upon to decide, nor do we intend to express an opinion, as to the rule applicable where lands are purchased or obtained without regard to the use to be made of them, or where there is nothing in the contract or conveyance indicating that they have been purchased for a right of way. Lands may be acquired by donation or by voluntary grant for aid in the building of railroads, and railroad companies may doubtless acquire lands for various uses in connection with railroad business that could not be taken by virtue of eminent domain, and as to these different rules may apply." (p. 546.)

The above statement from the case applies to the facts in this case.

The reasons for such holding in that case are not present here. It is obvious that it would be contrary to public policy for someone to whom the railroad had conveyed to own a narrow strip of land such as a railroad right of way running through farms and cities, etc., when it was no longer used for railroad purposes. In this case the entire lots were conveyed. The record shows that only part of the lots were used for railroad purposes. The general rule stated in 51 C. J. 614 is as follows:

"Where land is conveyed to the railroad company in fee without qualification, its title thereto is not lost by nonuser or abandonment."

In *Midstate Oil Co. v. Ocean Shore R. R. Co.*, 93 Cal. App. 704, 270 Pac. 216, the court considered a situation analogous to the one we have here. There the original grantor of real estate to a railroad company where the conveyance was in fee with no limitation as to the use and the railroad company had abandoned use of the land for railroad purposes claimed that the land had reverted to him on account of the abandonment. The court said:

"The deed from Henry J. F. Butts et al. to the Ocean Shore Railway Company must be measured by its own terms. There is nothing in the deed which in any way limited the company in the use that it might make of the land. The fact that the deed makes use of the words 'right of way' in one of its calls in the description does not limit the use to which the lands may be put. We must hold that the deed conveyed the fee. Such being the case, did the railroad company lose its fee to the lands by nonuser or abandonment?" (p. 708.)

The court then referred with approval to the general rule in 33 Cyc. p. 221 as follows:

"But where the land is conveyed to the railroad company in fee its title thereto is not lost by nonuser or abandonment."

Several authorities are given in that opinion in support of the above rule.

This opinion is interesting to us because the respondent in that case relied upon *Abercrombie v. Simmons,* supra, and the court pointed out that opinion only applied to cases where the contract of conveyance showed the land was sold and received for use as a right of way, and the opinion did not cover a case such as the California court was considering and such as we are considering. See, also, *Watkins v. Iowa Cent. R. R. Co.,* 123 Ia. 390, 98 N. W. 910; *Rollins v. Van Jellico Min. Co.,* 194 Ky. 41, 238 S. W. 193; *Enfield Mfg. Co. v. Ward,* 190 Mass. 314, 76 N. E. 1053; and *Chamberlain v. Northeastern R. R. Co.,* 41 S. C. 399, 19 S. E. 743, 44 A. S. R. 717, 25 L. R. A. 139.

To the same effect is *Danielson v. Woestemeyer,* 131 Kan. 796, 293 Pac. 507, where the court held:

"Where the owners of land claiming to be abutting owners on an abandoned railroad right of way whose land is separated from the real right of way or right of way proper by a strip of land to which the railroad company acquired the fee title and used it for railroad purposes other than right of way and later conveyed the same before discontinuing operations, such separation is held to deprive the first-mentioned owners of their claim of right as abutting owners in and to the right of way proper, and also in and to the intervening strip." (Syl. ¶ 3.)

We hold that the court was correct in quieting the title of plaintiff to the real estate in question.

The question as to whether the court was correct in enjoining the defendants from interfering with the plaintiff's possession of the personal property that was located on the real estate might be disposed of under the rule just laid down. Since we have demonstrated that the defendants had no interest whatever in the real estate, they clearly have no right to the personal property located upon the real estate. Furthermore, the provisions of the lease in question are reasonable and enforceable. (See 36 C. J. 176.) The lease to the defendant Blackwood was terminated by his nonpayment of rent in 1938. He did not remove the property within thirty days, as the lease provided he should, and the property located thereon became after the expiration of thirty days the property of the owner of the lots.

The judgment of the trial court is affirmed.

HOCH, J., not participating.