No. 61,708

In The Matter of The Application of Unified School District No. 437 for Relief From A Tax Grievance In Shawnee County, Kansas,

and

In The Matter of The Application of Unified School District No. 501 for Relief From A Tax Grievance In Shawnee County, Kansas.

(757 P.2d 314)

Opinion filed July 8, 1988.

*Anne L. Baker,* of Eidson, Lewis, Porter & Haynes, of Topeka, argued the cause and *Charles N. Henson,* of the same firm, was with her on the briefs for appellant U.S.D. No. 501.

*Douglas F. Martin,* Shawnee county counselor, argued the cause and was on the brief for appellee Board of County Commissioners.

*William E. Enright,* of Scott, Quinlan & Hecht, of Topeka, argued the cause and was on the brief for appellee U.S.D. No. 437.

The opinion of the court was delivered by

Herd, J.: This is a tax grievance case wherein U.S.D. No. 501 appeals from an order of the district court affirming a Board of Tax Appeals (BOTA) order correcting erroneous assignments of personal property of taxpayer Frito Lay for tax years 1982 through 1985.

In 1985 Gary Smith, Shawnee County appraiser, discovered personal property of Frito Lay had been assigned to taxing district 001, containing U.S.D. No. 501, rather than to the proper taxing district 014, which contained U.S.D. No. 437. Investigation disclosed the error had existed and been perpetuated by computer from 1977.

Frito Lay had been listing its personal property on a single

rendition sheet even though the property was located in three different taxing districts. Mr. Smith requested Gary Welch, the tax representative for Frito Lay, to assist in making certain the situs of Frito Lay's personal property was divided properly among the three districts.

Smith then reported the error to the county clerk, who, pursuant to K.S.A. 1987 Supp. 79-1701a, requested the county commission to issue a correction order. The county commission approved change orders for tax years 1983, 1984, and 1985, which removed property misassigned to U.S.D. No. 501's district and reassigned it to U.S.D. No. 437's district. Under the correction orders, the taxes paid to U.S.D. No. 501 were to be reduced by $631,053.08 and the taxes paid to U.S.D. No. 437 were to be increased by $568,941.08. This resulted in a net refund to Frito Lay of $62,112.00, due to a lower mill levy in U.S.D. No. 437's district for two of the three years in question. It was estimated this amount would be a little over 1% of U.S.D. No. 501's 1985 budget. U.S.D. No. 437 had refunded a similar percentage of its budget in a previous year in compliance with a refund order from the county because of a taxing error.

The county treasurer, pursuant to the procedures outlined in *Cities Serv. Oil Co. v. Board of County Comm'rs*, 224 Kan. 183, 578 P.2d 718 (1978), ordered the refund to be made from the current collections in back tax funds of U.S.D. No. 501 held by Shawnee County. The county clerk testified hundreds of clerical errors were corrected in this way by the county each year and the procedure followed in this case was the procedure followed in every instance.

U.S.D. No. 437 filed a grievance with BOTA, requesting that the personal property taxes from Frito Lay which should have been assigned to its district be corrected under the provisions of K.S.A. 1987 Supp. 79-1702 for all years in which the error occurred rather than only from 1983 through 1985. K.S.A. 1987 Supp. 79-1702 allows for only one additional year of relief, which year was granted by BOTA. A grievance filed by U.S.D. No. 501 was consolidated with U.S.D. No. 437's grievance. U.S.D. No. 501's grievance was denied, as was its motion for a rehearing. The district court affirmed.

U.S.D. No. 501 argues the past errors in assignment of personal property did not harm U.S.D. No. 437 because of the nature of ad

valorem taxes. Under the ad valorem taxation scheme, taxing units submit their budgets to the county. The levy is then spread against the valuation in the taxing district at the mill rate to raise the budgeted amount. Thus, we see that mistakes made in assigning property to taxing units affect total assessed valuation, which in turn impacts the levy needed to fund the adopted budgets. When valuations go down, levies · go up. Absent a limitation of levy, total revenues received by the taxing units are not affected by valuation. Pursuant to K.S.A. 79-304 and K.S.A. 1987 Supp. 79-1412a, the county appraiser lists and assesses all personal property subject to ad valorem taxation in the taxing district in which the property is located on January 1 of the tax year. Assessment rolls are then submitted to the county clerk. On or before August 25 of each year, unified school districts certify to the county clerk their budgeted amounts of expenditures for determination of the ad valorem tax levy. K.S.A. 72-8204a; K.S.A. 79-2930; K.S.A. 79-1801. The county clerk then computes the tax levy rate required to fund such expenditures upon the basis of the final equalized assessed valuation of each district. The county clerk, on or before November 1, places the ad valorem taxes on the county tax rolls for collection by the treasurer. K.S.A. 79-1801; K.S.A. 79-1803. The treasurer then collects the taxes and makes distribution to the taxing units. K.S.A. 79-1801; K.S.A. 79-2934.

A lower or higher valuation will call for a lower or higher levy to raise the budgeted amount, but the school district receives the revenues to fund its adopted budget. Each school district received approximately its budgeted amount through current year tax revenues despite the misassignment of the Frito Lay property. The only effect of the misassignment was to slightly decrease the levy rate of U.S.D. No. 501 and slightly increase the levy rate of U.S.D. No. 437, which U.S.D. No. 501 claims is irrelevant to the issue here.

U.S.D. No. 501 points out that state funding of Kansas unified school districts is pursuant to the school district equalization act, K.S.A. 72-7030 *et seq.* Under the act, state aid to school districts is based in part upon the total assessed valuation in each district. The circumstances presented resulted in a decrease of state funding to U.S.D. No. 501 and an increase of state funding to U.S.D. No. 437. For school years 1978-79 through 1984-85,

U.S.D. No. 501 estimates it received approximately $74,000 less in state aid as a result of the assignments of Frito Lay property to its taxing unit. U.S.D. No. 437 received approximately $71,000 more in state aid.

U.S.D. No. 501 contends it will be harmed by the correction order because it will receive less than the revenues needed to fund its budget for the tax year 1985, and U.S.D. No. 437 will receive current year tax revenues in excess of its adopted budget. This is because the levy of its taxing district was based upon a valuation which included Frito Lay's personal property, but the proceeds from this levy were ordered refunded to Frito Lay. U.S.D. No. 501 contends if Frito Lay is now taxed for the benefit of U.S.D. No. 437, it creates a windfall for that district.

Let us now turn to the controlling issues, the first of which is whether the improper assignment of personal property was a clerical error. K.S.A. 1987 Supp. 79-1701 authorizes the county clerk to correct eight different types of errors for a current year, which are discovered prior to November 1, including "errors whereby the assessment of either real or personal property has been assigned to a taxing district in which the property did not have its taxable situs." Appellant argues the county's mistake cannot be deemed a clerical error, because once the error was discovered, the county had to use discretion to determine if the property was assigned to the correct taxing district.

Appellees argue the statute allows for corrections in just this situation. It argues a narrower reading would cause chaos, as an investigation would have to be made to discover how each error was made in the hundreds of cases of this type each year. Even if the investigation proved fruitful, a narrow reading would render many errors uncorrectable, resulting in taxpayers being unjustly taxed. Appellees also argue there is no discretion involved in assigning property to a particular taxing unit—it is merely a matter of matching the location of the property to the correct geographical district on the taxing map. We agree with the argument of appellees. K.S.A. 1987 Supp. 79-1701(g) clearly and unambiguously makes the assigning of property to the wrong taxing district a clerical error correctable by the county clerk.

The next issue is whether the county and BOTA had authority to issue the correction orders. K.S.A. 1987 Supp. 79-1701a grants the board of county commissioners the power to issue orders

correcting the clerical errors enumerated in 79-1701. Appellant notes the statute states remedies which may be ordered as follows:

"[T]he county commissioners may direct a refund in the amount of the overpayment . . . . If all or any portion of the taxes on such property *remain unpaid,* the board of county commissioners shall *cancel* that portion of such unpaid taxes which were assessed . . . . In lieu of taking such a refund the taxpayer may . . . be allowed a credit on the current year's taxes *in the amount of the overpayment* for the previous year. In the event the error results in an understatement of value or taxes as a result of a mistake on the part of the county, the board of county commissioners of the several counties are hereby authorized to correct such error . . . ." (Emphasis added.)

Appellant argues Frito Lay should receive a refund for the difference between what it actually paid in 1983 and 1984 and what it would have paid under the lower levy rates of U.S.D. No. 437, and that the taxes for 1985 should be cancelled because the order for correction was issued before Frito Lay made payment. Thus, according to appellant, it should have to refund only $24,007.14 for 1984 and $22,832.64 for 1983. This argument is without merit because it ignores the plight of the real injured parties, U.S.D. No. 437 taxpayers.

Appellant argues the statutes in question are available only for taxpayer relief under *In re Order of Board of Tax Appeals,* 236 Kan. 406, 691 P.2d 394 (1984), and because Frito Lay did not complain, the county does not have the authority to issue correction orders. *In re Order of Board of Tax Appeals* is inapplicable to the instant case in that it pertains to a situation where a taxing district made errors in *property valuation in favor of taxpayer* corporations. In the case at bar, the corporation property was assigned to *the wrong taxing district,* an error *not* in the corporation's favor. The 1985 legislature responded to *In re Order of Board of Tax Appeals,* by adding language to 79-1701a and 79-1702 which clarifies legislative intent that, in the event of understatement of taxes as a result of clerical error, the commissioners have authority to order an additional tax bill. The legislature also overrode *In re Order of Board of Tax Appeals'* definition of "escaped taxation" by enacting K.S.A. 1987 Supp. 79-1427a and K.S.A. 1987 Supp. 79-1475, which provide that whenever property is underreported for whatever reason, the property shall be deemed to have escaped taxation.

There is clear legislative intent that the county has a duty to

correct such taxation errors within a reasonable time. *In re Order of Board of Tax Appeals* is overruled to the extent it conflicts with a county's statutory duty to collect taxes on property which has escaped taxation as defined by K.S.A. 1987 Supp. 79-1427a and to correct those errors listed in K.S.A. 1987 Supp. 79-1701.

Appellant argues U.S.D. No. 437 has no standing under K.S.A. 1987 Supp. 79-1702. It argues that even though the statute specifically allows actions by taxing districts, which K.S.A. 79-1801 recognizes as including school districts, U.S.A. No. 437 does not have a "grievance" because the error did not change the actual revenues it received. This argument is not persuasive. The county's failure to assign property to the appropriate taxing district operates to the detriment of U.S.D. No. 437 and provides the appellee with a grievance. U.S.D. No. 501 has no right to taxes from property which is located in another taxing district.

The purpose of the tax statutes is to create a uniform and equal plan of taxation; to that end each county's use of discretion is quite limited. See *Mobil Oil Corporation v. Medcalf*, 207 Kan. 100, 107, 483 P.2d 1111 (1971). The county had a positive duty to correct errors upon discovery.

The judgment of the trial court is affirmed.