(26 P.3d 700)

No. 84,193

James L. Schoenberger d/b/a Jason Oil Company, *et al.*, *Appellees*, v. Missouri Pacific Railroad Company and Union Pacific Land Resources Corporation, *Appellants*.

Opinion filed September 15, 2000.

*Robert J. O'Connor* and *David E. Bengtson*, of Morrison & Hecker, L.L.P., of Wichita, and *Joseph W. Jeter*, of Jeter Law Firm, L.L.P., of Hays, for appellant Union Pacific Land Resources Corporation.

*Michael S. Holland* and *Michael S. Holland II*, of Holland and Holland, of Russell, for appellees.

Before Brazil, C.J., Elliott, J., and Paddock, S.J.

Elliott, J.: Union Pacific Land Resources Company (UP) appeals the trial court judgment that it did not own fee title to the mineral rights it leased to Jason Oil Company, *et al.* (Jason).

We reverse.

The material facts are undisputed, as the parties agree with the trial court's findings of fact. In 1887, an order condemned a strip of land for a railroad right-of-way. A month later, an individual conveyed by warranty deed most of a quarter section of land to the Memphis & Denver Town Company (Town), by which Town owned all mineral rights in the land described. Several months later, Town conveyed by warranty deed a 500-foot wide strip of land to UP's predecessor and later still, Town conveyed by warranty deed several Town lots to UP's predecessor.

The land in question is contained within the City of Utica's drilling unit, on which a producing oil well was drilled. UP's predecessor leased the land to Jason, which completed the producing well.

In the present litigation, the trial court, in denying UP's motion for summary judgment, ruled the preceding deeds conveyed only an easement and declared the prior leases void. As a result, the trial court ruled UP is not entitled to any royalties from the oil produced from the pooled lease.

The only issue on appeal—the construction of the deeds to UP's predecessor—is one of law over which we have plenary review. See *Gamblian v. City of Parsons*, 261 Kan. 541, 546, 931 P.2d 1238 (1997).

Historically, a railroad could acquire an interest in property by eminent domain (which was partly done here), by purchase, or by voluntary grant. See K.S.A. 66-501. K.S.A. 66-501 *Second* clearly provides that when a railroad takes land by voluntary grant it is to be held for the purposes of the grant only (construction, maintenance of the railway). That statute also clearly provides a railroad company has the power to *purchase* and *hold with power to convey*, real estate. We take that language to clearly mandate that a railroad may purchase land in fee simple absolute (to hold with power to convey).

In the present case, the 1887 deed provided that for consideration, the grantor conveyed the described property to "Have and to Hold the Same Together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in anywise appertaining *forever*." (Emphasis added.) Further, the grantor warranted it was "lawfully seized in [its] own right of an absolute and indefeasible estate."

The 1888 deed provided that for consideration, the grantor conveyed the described property "to have and to hold the same together with all and singular the tenements hereditaments and appurtenances thereunto belonging or in anywise appertaining *forever*." (Emphasis added.) Further, the grantor warranted it was "lawfully seized in its own right of an absolute and indefeasible estate of inheritance in fee simple."

While Kansas cases reach differing results, *Nott v. Beightel*, 155 Kan. 94, 122 P.2d 747 (1942), and *Danielson v. Woestemeyer*, 131 Kan. 796, 293 Pac. 507 (1930), hold a fee title is conveyed where the warranty deeds are void of any use limitations. In *Nott*, the warranty deed did not mention a limited use and did not contain a reversion clause. 155 Kan. at 95.

In *Danielson*, a single deed conveyed two strips of land to a railroad. One description specifically designated it for right-of-way and the court held it conveyed an easement only. The other land description contained no reference to its anticipated use. The court held the railroad acquired fee title to that strip with full power to convey. *Danielson*, 131 Kan. at 804.

In the present case, the 1887 deed does not contain a reversion clause, and the 1888 deed does not contain any expressed use restriction.

With respect to the 1887 deed, despite the small size of land conveyed, the lack of any express or implied use restriction requires us to conclude the deed conveyed fee title to UP's predecessor. Accordingly, UP holds title to the mineral rights in that land.

For similar reasoning, the 1888 deed likewise conveyed fee title to UP's predecessor. As a result, UP is entitled to royalties due from the oil and gas lease on those lands.

Reversed.