(122 P.3d 414)

No. 93,437

ST. CATHERINE HOSPITAL, *Appellant*, v. ALAN ROOP, Finney County Appraiser, *Appellee*.

FARM GOLD, L.L.C., *Appellant*, v. ALAN ROOP, Finney County Appraiser, *Appellee*.

Opinion filed November 10, 2005.

*Troy W. Purinton* and *John R. Gerdes*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for the appellants.

*Linda Terrill,* of Neill, Terrill & Embree, L.C., of Overland Park, for the appellee.

Before PIERRON, P.J., CAPLINGER, J., and BUKATY, S.J.

BUKATY, J.: In this consolidated appeal, two Finney County taxpayers appeal a district court order that upheld a decision of the Kansas Board of Tax Appeals (BOTA) denying their tax grievance applications under K.S.A. 79-1701 for lack of jurisdiction. The two taxpayers are Farm Gold, L.L.C. and St. Catherine Hospital. The parties have stipulated to the essential facts. We reverse and remand.

From 1997 through 1999, Finney County (County) appraised a particular plot of real estate owned by St. Catherine Hospital, utilizing a cost method. In each of these years, the County classified the construction type of a three-story building on the property as "fireproof" rather than "fire resistant." In 2000, St. Catherine Hospital provided the County with blueprints of the building, which demonstrated that the County had been misclassifying the building's construction type. The County agreed there had been a misclassification and for that tax year and henceforth, the County has utilized a "fire resistant" construction type in appraising the subject property. However, it refused to treat the misclassification as a clerical error within the meaning of K.S.A. 79-1701, which allows for repayment of any tax overpaid in the previous years as a result of the misclassification.

Similarly, the County misclassified the construction type of a building on property owned by Farm Gold, L.L.C. during the tax years from 1998 to 2000. The county appraiser classified the building as composed of fire resistant materials rather than preengineered steel. Farm Gold brought its blueprints to the County in 2001 establishing the existence of preengineered steel, and the County corrected the appraisal for that tax year and subsequent tax years. As in the case of St. Catherine Hospital, the County also refused to treat the misclassification as a clerical error within the meaning of K.S.A. 79-1701.

The County agrees in both cases that the original classifications were a mistake. Apparently, an employee of the appraiser's office

viewed the buildings after they were built and guessed at their type of construction by viewing the exterior. Had the employee inspected the properties during construction or reviewed the blueprints and plans after completion, the employee would have discovered the actual composition of building materials and would not have had to guess.

The taxpayers filed separate tax grievance applications. BOTA ruled that it lacked jurisdiction over the applications because the errors were not clerical errors subject to retroactive remedy. The taxpayers filed a motion for reconsideration, and BOTA affirmed its prior ruling. The taxpayers then filed a petition for judicial review. The district court affirmed BOTA.

In contending that BOTA erroneously denied the taxpayers recovery of overpaid taxes for the years prior to the date of their challenges, the taxpayers argue that the appraiser's mistakes constituted clerical errors under 79-1701, which caused errors in the appraised values of the properties.

Under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, judicial review of a decision by BOTA is limited to the considerations set forth in K.S.A. 77-621(c). See *Bishop v. City of Winona*, 267 Kan. 653, 657, 983 P.2d 861 (1999).

K.S.A. 77-621(c) provides:

"The court shall grant relief only if it determines any one or more of the following:

"(1) The agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied;

"(2) the agency has acted beyond the jurisdiction conferred by any provision of law;

"(3) the agency has not decided an issue requiring resolution;

"(4) the agency has erroneously interpreted or applied the law;

"(5) the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure;

"(6) the persons taking the agency action were improperly constituted as a decision-making body or subject to disqualification;

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

"(8) the agency is otherwise unreasonable, arbitrary or capricious."

Although the taxpayers argue that BOTA was unreasonable, arbitrary, and capricious, they essentially assert that BOTA's interpretation of the applicable statute was incorrect and, therefore, unreasonable. Consequently, we deem the single issue before this court to be the proper interpretation of K.S.A. 79-1701, and in particular, the definition to be accorded the legislature's use of "clerical error" in the statute.

We first note that the legislature made substantial amendments to K.S.A. 79-1701 in 1999. See L. 1999, ch. 123, sec. 6. Because the requested refunds in this appeal involve tax years preceding and following these substantive amendments, both versions of the statute apply. However, the amendments do not result in a different outcome for refunds for the years prior to and subsequent to the effective date of their enactment.

Prior to 1999, K.S.A. 79-1701 provided, in pertinent part:

"The county clerk shall, prior to November 1, correct the following clerical errors in the assessment and tax rolls for the current year, which are discovered prior to such date:

"(a) Errors in the description or quantity of real estate listed;

"(b) errors in extensions of values or taxes whereby a taxpayer is charged with unjust taxes;

"(c) errors which have caused improvements to be assessed upon real estate when no such improvements were in existence;

"(d) errors whereby improvements located upon one tract or lot of real estate have been assessed as being upon another tract or lot;

"(e) errors whereby taxes have been charged upon property which the state board of tax appeals has specifically declared to be exempt from taxation under the constitution or laws of the state;

"(f) errors whereby the taxpayer has been assessed twice in the same year for the same property in one or more taxing districts in the county;

"(g) errors whereby the assessment of either real or personal property has been assigned to a taxing district in which the property did not have its taxable situs; and

"(h) errors whereby the values or taxes are understated or overstated as a result of a mistake on the part of the county."

The 1999 amendments eliminated subsection (b). The other subsections remained, but subsection (h),which became subsection

(g), was amended to replace "mistake" with "mathematical miscomputation." See K.S.A. 2004 Supp. 79-1701.

For tax grievance issues encompassed by 79-1701, the legislature has provided a remedy with limited retroactivity.

"Any taxpayer, the county appraiser or the county clerk shall, on their own motion, request the board of county commissioners to order the correction of the clerical errors in the appraisal, assessment or tax rolls as described in K.S.A. 79-1701, and amendments thereto. The board of county commissioners of the several counties are hereby authorized to order the correction of clerical errors, specified in K.S.A. 79-1701, and amendments thereto, in the appraisal, assessment or tax rolls for the current year and the immediately preceding two years during the period on and after November 1 of each year." K.S.A. 79-1701a; K.S.A. 2004 Supp. 79-1701a.

We recognize that BOTA is a specialized state agency whose sole existence is designed to decide taxation issues. When operating within its sphere of expertise, the agency's decisions should be reviewed with deference. Nevertheless, statutory construction is a question of law over which an appellate court may exercise independent review, irrespective of BOTA's or the district court's construction. BOTA's interpretation of a tax statute, while persuasive, is not binding upon a court. See *In re Tax Relief Application of Hocker*, 29 Kan. App. 2d 248, 250, 27 P.3d 914 (2000), *rev. denied* 271 Kan. 1036 (2001).

The taxpayers contend that the clerical errors covered within 79-1701 are defined by the various errors described in the subsections contained within that statute without the need to refer to outside sources for a definition of "clerical error." They urge that subsections (a) and (b) apply to provide them the relief requested.

The Kansas Supreme Court discussed the scope of 79-1701 in *In re Application of U.S.D. No. 437 for Tax Relief*, 243 Kan. 555, 757 P.2d 314 (1988). There, a county appraiser erroneously assigned taxable real estate to the wrong school district. The school district which had been properly owed this tax revenue sought to collect the taxes for each year the erroneous assignment had been made. In addressing the various arguments raised by the school district to which the tax money was erroneously assigned, the court considered whether the error constituted a "clerical error" within

the meaning of 79-1701. Rejecting the latter school district's argument that the county's mistake was not a clerical error because it involved judgment and discretion, the court noted:

"Appellees argue the statute allows for corrections in just this situation. It argues a narrower reading would cause chaos, as an investigation would have to be made to discover how each error was made in the hundreds of cases of this type each year. Even if the investigation proved fruitful, a narrow reading would render many errors uncorrectable, resulting in taxpayers being unjustly taxed. Appellees also argue there is no discretion involved in assigning property to a particular taxing unit—it is merely a matter of matching the location of the property to the correct geographical district on the taxing map. We agree with the argument of appellees. K.S.A. 1987 Supp. 79-1701(g) clearly and unambiguously makes the assigning of property to the wrong taxing district a clerical error correctable by the county clerk." 243 Kan. at 558.

The ruling in *U.S.D. No. 437* seems to imply that the legislature intended "clerical error" to be defined only by the errors described within the statute. This interpretation finds a measure of support in other cases as well. See *Wirt v. Esrey*, 233 Kan. 300, 316-17, 662 P.2d 1238 (1983) ("Looking over the various 'clerical errors' which are remediable under K.S.A. 79-1701, there is no provision for an error of the type complained of in the present case. . . . This court is not prepared to vacate the order simply because BOTA attempted to pigeonhole the issue presented herein into one of the errors found in 79-1701."); *In re Application of TV Realty, L.L.C.*, 27 Kan. App. 2d 28, 31, 997 P.2d 742, *rev. denied* 269 Kan. 932 (2000) ("[T]he clerk's failure to record the name and mailing address of the new owner was not one of the 'clerical errors' specifically enumerated in K.S.A. 79-1701."); *Colorado Interstate Gas Co. v. Beshears*, 18 Kan. App. 2d 814, 819, 860 P.2d 56 (1993), *rev. denied* 256 Kan. 994 (1994) ("[T]he pipelines concede their complaint is not one of the eight clerical errors listed in K.S.A. 79-1701.").

In its ruling, BOTA determined that it would look to other sources outside of K.S.A. 79-1701 for a definition of "clerical error." It also cited and relied upon *Hocker*, 29 Kan. App. 2d 247. There, this court considered whether a prior classification by the appraiser's office that was later changed by the appraiser after receiving new information concerning the business use of a parcel of

taxable property constituted a "clerical error" within the meaning of K.S.A. 79-1701. The court examined the applicable subsections of the statute and affirmed the distinction drawn by the district court between errors of computation and errors of assessment and valuation. 29 Kan. App. 2d at 252. The court ruled that the taxpayer could not obtain retroactive relief for the appraiser's change in classification of the property in question because the original classification complained of was a matter of assessment and valuation in the discretion of the appraiser. It went on to mention that "discretion is not the ultimate determining factor of whether an error is a clerical error within the meaning of K.S.A. 79-1701. However, the lack of discretion is a major component of the errors listed in K.S.A. 79-1701." 29 Kan. App. 2d at 254.

Both parties cite *Hocker* to support their arguments. The County argues that because the original classification of the properties in this case resulted from an act of discretion on the part of the appraiser in determining the composition of the building materials upon which the assessment was based, *Hocker* holds that such an error is not the type for which the taxpayers can obtain retroactive relief. The taxpayers cite the case after asserting that the errors here did not involve discretion on the part of the appraiser and that lack of discretion is "a major component of the errors listed in K.S.A. 79-1701."

*Hocker* is distinguishable on its facts from the present case. Here, the classification by the appraiser based upon an erroneous guess as to the nature of the building materials did not involve an act of professional discretion. It was simply an error on an issue capable of objective determination, *i.e.*, the composition of the construction materials in the buildings on the parcels in question. It was a guess that turned out to be incorrect. The blueprints and building plans apparently established unequivocally that the original classifications for the buildings were wrong. In other words, the mistake contained a major component of the errors listed in K.S.A. 79-1701, a "lack of discretion" as referred to in *Hocker*, 29 Kan. App. 2d at 254.

The taxpayers argue further that an examination of 79-1701 establishes that the appraiser's errors in this case fall under two of

those subsections, (a) and (c ) (now [b]). See K.S.A. 79-1701(a) and (c); K.S.A. 2004 Supp. 79-1701(a) and (b). We agree.

First, the mistakes constitute an error in the descriptions of the properties. We find nothing in the statute that limits the term "description" to the legal description to the exclusion of the physical description. On the contrary, "the classification of property determines the rate of assessment. The description of the property refers to the property's physical and legal description." *Hocker*, 29 Kan. App. 2d at 252. In making mistakes in the composition of the building materials, the appraiser made errors in the descriptions of the properties that could entitle the taxpayers to retroactive relief.

Second, by misclassifying the types of building construction, *i.e.*, attributing to the buildings a degree of fire resistance they did not have, the appraiser essentially classified the properties as containing structures with a higher market value than they really possessed. The errors "caused improvements to be assessed upon real estate when no such improvements were in existence." Again, the errors could entitle the taxpayers to retroactive relief.

The County argues that even if it is determined the errors here are errors defined under 79-1701, since the taxpayers did not present evidence of the fair market values of the properties, they have not shown they suffered harm as a result of the errors. The taxpayers counter that they never had the opportunity to present their evidence because BOTA ruled it had no jurisdiction to hear the matter since there was not a clerical error. Because we have determined the errors are such clerical errors under 79-1701, the taxpayers should be given the opportunity to present their evidence as to how they were harmed by the errors.

We do not mean to criticize in any fashion the actions of the appraisal officials who originally placed the erroneous classifications on the buildings. We recognize that often local officials find themselves overburdened and unable to make a detailed inspection of buildings prior to the properties going on the tax rolls. We are simply saying, when errors such as this occur, K.S.A. 79-1701 provides some retroactive relief to the taxpayers.

The judgment of the district court is reversed, and the case is remanded to BOTA for further proceedings consistent with this opinion.

Reversed and remanded.