IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,104

SHARRON JENKINS,
*Appellant*,

v.

CHICAGO PACIFIC CORPORATION, ET AL.,
*Appellees.*

SYLLABUS BY THE COURT

1.

A district court's grant of summary judgment on fewer than all claims or against fewer than all parties is not a final judgment for appeal purposes under K.S.A. 2016 Supp. 60-2102 absent certification under K.S.A. 2016 Supp. 60-254(b).

2.

A certification of "no just reason for delay" under K.S.A. 2016 Supp. 60-254(b) may be made after summary judgment is granted to fewer than all parties or on fewer than all claims.

3.

A notice of appeal of a district court's grant of summary judgment on fewer than all claims or against fewer than all parties filed before that order is certified under K.S.A. 2016 Supp. 60-254(b) is premature but will be deemed effective if the K.S.A. 2016 Supp. 60-254(b) certification by the district court occurs before the appeal is dismissed.

1

4.

When a railroad company acquires a strip of land for a right of way it generally takes only an easement. This is the rule whether the strip is acquired by condemnation or deed. When the railroad abandons that right of way, the estate reverts to the original landowners.

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 5, 2016. Appeal from Jackson District Court; MICHEAL A. IRELAND, judge. Opinion filed October 27, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Nicholas David*, of The David Law Office LLC, of Topeka, argued the cause and was on the briefs for appellant.

*Michael S. Heptig*, of Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C., of Topeka, argued the cause and *Danielle N. Davey*, of the same firm, was on the brief for appellee Eben Crosby.

*Alexandria S. Morrissey*, of Holton, was on the brief for appellee Jackson County.

*J. Richard Lake*, of Holton, was on the brief for appellee Willis McGee.

The opinion of the court was delivered by

BILES, J.: Sharron Jenkins sues to quiet title to real property located in Holton through which a now-abandoned railway once ran. She traces her ownership claim to a deed conveying those lots to a railroad company in 1886. The contested property was described in that deed as part of a strip of land running through the grantors' property along the planned railroad's centerline. After the railroad abandoned the railway, it quitclaimed its interest in the strip to a company that subsequently quitclaimed its interest

2

to Jenkins. The dispute is whether the 1886 deed expressly or impliedly conveyed the property for use as a right of way.

The district court entered summary judgment against Jenkins. It held the 1886 deed conveyed the strip for use as a right of way and therefore granted only an easement that reverted to the original landowners when the railroad abandoned the railway. Accordingly, the district court ruled when the railroad quitclaimed its interest in the strip to the company from which Jenkins acquired her interest, "the railroad deeded land it was not legally capable of deeding." The Court of Appeals affirmed. *Jenkins v. Chicago Pacific Corp.*, No. 113,104, 2016 WL 463789 (Kan. App. 2016) (unpublished opinion). We agree.

We hold that the language in the 1886 deed demonstrates the land was conveyed to the railroad for use as a right of way. Therefore, under our longstanding caselaw, the railroad acquired only an easement, which reverted to the landowners when the railroad abandoned the right of way. As the district court correctly held, the entity that deeded the lots to Jenkins based on a conveyance from the railroad had no estate to transfer to her. See *Abercrombie v. Simmons*, 71 Kan. 538, 546, 81 P. 208 (1905) ("Whatever its name, the interest was taken for use as a right of way, it was limited to that use, and must revert when the use is abandoned.").

FACTUAL AND PROCEDURAL BACKGROUND

The material facts are uncontroverted. In 1886, five individuals executed a single deed "grant[ing], bargain[ing] sell[ing] and convey[ing] [real estate] . . . to the Chicago, Kansas and Nebraska Railway Company." Thereafter, a railway was operated on the property. At some point, the railway was abandoned. In 1985, the Chicago, Kansas and Nebraska Railway Company's successor in interest quitclaimed its interests in the

3

property to Dirt & Gravel, Inc. Jenkins acquired her claimed interest through a 1994 quitclaim deed from Dirt & Gravel. The legal description of the property as stated in her 1994 deed was "[a]ll that portion of the abandoned Chicago, Rock Island and Pacific Railroad right of way" in the lots located in Holton.

In 2010, Jenkins sued to quiet adverse claims against her title, seeking a determination that she was legally vested with fee simple ownership. She advanced two legal theories:  the quitclaim deed conveyed fee title to her, or that she acquired title through adverse possession. Four defendants answered Jenkins' petition, claiming ownership as landowners whose property abuts the abandoned right of way.

The defendants moved for summary judgment on Jenkins' quiet title claim. They argued the 1886 deed conveyed only a right of way that would have reverted to the abutting landowners when it was abandoned. If so, they continued, Jenkins could not have acquired any title through her quitclaim deed from Dirt & Gravel. The district court agreed with defendants.

The district court then assigned each party's ownership of the parcels, dividing the property among the defendants and declaring Jenkins owner of the remainder. In doing so, the court relied on "what was the calculated centerline of the vacated railroad line." The court reserved decision on the ownership of two partial lots for a future time. Finally, the court ruled the parties' adverse possession claims were moot.

Jenkins filed a notice of appeal and simultaneously moved the district court to certify its decision as final. See K.S.A. 2016 Supp. 60-254(b) ("court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay"). Four weeks later, the district

4

court did so. A panel of the Court of Appeals affirmed the judgment against Jenkins. 2016 WL 463789, at *11. We granted her petition for review.

ANALYSIS

To conduct our review, we must consider: (1) jurisdiction; (2) general railroad law concerning real property acquisitions; (3) the specific language in the 1886 deed; and (4) the law's application to that language.

*Jurisdiction*

An appellate court has a duty to consider its jurisdiction even if it is not challenged by the parties. *State v. Williams*, 298 Kan. 1075, 1080, 319 P.3d 528 (2014). In this matter, neither the parties nor the Court of Appeals addressed whether a jurisdictional question arose because Jenkins filed her notice of appeal before the district court certified its summary judgment decision as final under K.S.A. 2016 Supp. 60-254(b).

Whether appellate jurisdiction exists is a question of law. "Kansas courts only have such appellate jurisdiction as is conferred by statute, and in the absence of compliance with the statutory rules, a court has the duty to dismiss the appeal." *Woods v. Unified Gov't of Wyandotte County/KCK*, 294 Kan. 292, 295, 275 P.3d 46 (2012). The legislature has limited civil appeals to certain circumstances. See K.S.A. 2016 Supp. 60-2102. Appeals may be taken from: (1) final decisions and certain court orders under K.S.A. 2016 Supp. 60-2102(a) and (b), which are of right; and (2) interlocutory appeals under K.S.A. 2016 Supp. 60-2102(c), which require findings that are within the district court's discretion and acceptance of the appeal by the Court of Appeals, which is a determination within its discretion. See *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan.

5

597, 244 P.3d 642 (2010). In this case, the appeal is pursued as a final judgment based on the district court's K.S.A. 2016 Supp. 60-254(b) order.

The question we raise sua sponte is whether the district court's K.S.A. 2016 Supp. 60-254(b) order cured the premature notice of appeal in this civil case because Jenkins could not have appealed the district court's summary judgment order unless it was certified under the statute. *City of Salina v. Star B, Inc*., 241 Kan. 692, 739 P.2d 933 (1987). We hold that the subsequent certification cured this defect. See Wright and Miller, 10 Fed. Prac. & Proc. Civ. 3d § 2660 (2012) (noting most federal circuits have held certification before appellate court dismisses appeal validates premature notice of appeal); see also Supreme Court Rule 2.03 (2017 Kan. S. Ct. R. 14) (making premature notice of appeal effective when filed after district court announces a judgment to be entered but before actual entry of judgment); *Cornett v. Roth*, 233 Kan. 936, 939-40, 666 P.2d 1182 (1983) (premature notice of appeal effective despite pending motion to alter or amend considering liberal construction to be given procedural statutes and appellate rules).

We note this appeal had not been dismissed before the K.S.A. 2016 Supp. 60-254(b) order was entered. We also perceive no prejudice to the remaining parties and note there was no jurisdictional challenge made. Finally, we note our caselaw recognizes that a summary judgment decision resolving less than all of the issues or parties' claims may be certified as final later under K.S.A. 2016 Supp. 60-254(b). See *Ullery v. Othick*, 304 Kan. 405, 414, 372 P.3d 1135 (2016) ("[O]ur interpretation of the plain language of the interlocking applicable statutes persuades us that a certification of 'no just reason for delay' may be made after summary judgment is granted to fewer than all parties or on fewer than all claims."). We hold under the circumstances here that jurisdiction is proper.

6

*General railroad law concerning real property acquisitions*

When a railroad company acquires a strip of land for a right of way it generally takes only an easement. This is the rule whether the strip is acquired by condemnation or deed. When the railroad abandons that right of way, the estate reverts to the original landowners. *Stone v. U.S.D. 222*, 278 Kan. 166, 171, 91 P.3d 1194 (2004) (citing *Harvest Queen Mill & Elevator Co. v. Sanders*, 189 Kan. 536, 370 P.2d 419 [1962]); *Abercrombie v. Simmons*, 71 Kan. 538, Syl. ¶ 3, 81 P. 208 (1905). The *Harvest Queen* court explained the public policy considerations in this way:

> "For many years it has been the established law of this state that railroads receive easements only in strips taken as rights-of-way, regardless of whether they are taken by condemnation or deed. The rule is based on long-standing public policy. . . . [Since 1905] the public has been informed as to the rights granted by such a deed. Lawyers have repeatedly examined and passed titles based upon this court's construction of such a deed. Valuable property rights have been acquired, sold and warranted based upon the knowledge that under our law such a deed conveys only an easement for right-of-way purposes.

> "Where questions arise which affect titles to land, it is of great importance to the public that once they are decided they should no longer be considered doubtful. Such decisions become rules of property, and many titles may be injuriously affected by their change. Legislatures may alter or change their laws, without injury, as they affect the future only, but where courts vacillate and overrule their own decisions on the construction of statutes affecting the title to real property, their decisions are retrospective and may affect titles purchased on the faith of their stability. Doubtful questions on subjects of this nature, when once decided should be considered no longer doubtful or subject to change." 189 Kan. at 543.

In its none-too-subtle way, the *Harvest Queen* decision counsels against abrupt departures from this court's early decisions concerning disputed railroad right-of-way

7

ownership. In keeping with this, our caselaw consistently holds that when the source of the railroad company's interest is a deed, the railroad acquires only an easement if the deed expressly or impliedly conveyed the property for use as a right of way. See *Harvest Queen*, 189 Kan. at 541 (holding railroad company that acquired right of way by deed could not lease mineral rights to land under right of way); *Danielson v. Woestemeyer*, 131 Kan. 796, 803, 293 P. 507 (1930) (noting deed that conveyed two tracts to railroad company clearly conveyed as right of way tract described in deed as a strip of land through grantor's property "being the route or right of way of the railroad . . . ."); *Abercrombie*, 71 Kan. at 546-47 (holding successor-in-interest of railroad company that acquired planned railroad right-of-way by deed not entitled to eject abutting landowner from property conveyed by the deed); see also *Atchison, Topeka & Santa Fe Railway Co. v. Humberg*, 9 Kan. App. 2d 205, 207, 675 P.2d 375 (1984) (holding neighboring property owner did not adversely possess land conveyed to railroad company for railroad purposes because property owner's asserted fee simple interest was not adverse to railroad company's easement).

Even covenants of warranty in the railroad company's deed and language designating the right acquired as a fee are not necessarily controlling. *Abercrombie*, 71 Kan. at 543. As the *Abercombie* court flatly stated: "An instrument which is in form a general warranty deed, conveying a strip of land to a railroad company for a right of way, will not vest an absolute title in the railroad company . . . ." 71 Kan. 538, Syl. ¶ 3.

This court has twice held that warranty deeds granted only easements to railroad companies. In *Abercrombie*, the deed described the conveyed property as a 100-foot-wide strip of land running through the grantor's larger parcel. It specified the strip's location within the larger parcel as 50 feet on either side of the centerline of a planned railroad track. And in *Harvest Queen*, the deed described a strip through the grantor's larger

8

parcel, similarly indicating the strip's location as 100 and 150 feet on either side of the centerline of a planned railroad.

The *Abercrombie* court held the deed conveyed only an easement because "the deed and those things to which we may look in its interpretation plainly show that the strip was sold on the one part, and purchased on the other, as and for a right of way for a railroad." 71 Kan. at 545-46. And while the court did not identify what it meant by "those things to which we may look," its factual recitation noted the railroad company had surveyed and staked out the line just prior to the conveyance. The court also observed the acquisition occurred when the company was "about to begin construction of the railroad over" the grantor's land—although construction never actually commenced. 71 Kan. at 539. It was further noted the railroad "made a map and profile of the route intended to be adopted," which it filed in the county clerk's office a week after the conveyance. 71 Kan. at 539.

The *Harvest Queen* court noted the map and profile of the route the railroad filed prior to the conveyance reflected the route would run through the grantor's property. 189 Kan. at 538. Similarly, the Court of Appeals in *Humberg* held that a warranty deed conveyed only an easement to a grantee railroad company when the deed contained a notation indicating the property would be used for a railroad station grounds. 9 Kan. App. 2d at 207.

This is not to say that a railroad may never own the land under its tracks in fee simple. Absolute title is conveyed when "'lands are purchased or obtained without regard to the use to be made of them, or where there is nothing in the contract or conveyance indicating that they have been purchased for a right of way.'" *Stone*, 278 Kan. at 180 (quoting *Abercrombie*, 71 Kan. at 546) (holding school district owned in fee tracts conveyed to it by railroad company); *Nott v. Beightel*, 155 Kan. 94, 98, 122 P.2d 747

9

(1942) (holding landowner owned in fee simple two city lots conveyed to it by railroad company after railroad company removed railway it operated across the property); *Danielson*, 131 Kan. at 804 (holding landowner's abutting tract conveyed to railroad company at same time as right of way not entitled to reversionary interest in the tract upon railroad's abandonment of the right of way); *Schoenberger v. Missouri Pacific RR Co.*, 29 Kan. App. 2d 245, 247, 26 P.3d 700 (2000) (holding railroad company entitled to royalties from oil and gas production attributable to strip of land company's predecessor-in-interest acquired by deed).

But our caselaw focuses on the conveyance language, with an eye toward determining whether it betrays the property's intended use. We consider the conveyance underlying the present dispute next.

*The 1886 deed*

The handwritten 1886 deed in pertinent part provided:

"*A strip of land Three Hundred and Fifty (350) feet wide, of which the center line of the route and line of the Chicago Kansas and Nebraska Railway Company as the same is now surveyed staked and located is the center, being one hundred and seventy five feet each side of the center line of said route, over, across, and through the following described tract of land, as said route and line of said Railway*, passes through the same to wit:

"That portion of the West Half of the South East quarter of Section Number Three (3) in Township Number Seven (7) of Range Number Fifteen (15) lying between the North line of said West half of said South East quarter of said section Number Three (3) and Drake and Fenns Addition to the City of Holton *and [grantors] do also grant, bargain sell and convey unto [grantee] all of the following described real estate*

10

*situated in said County of Jackson and State of Kansas to wit* all of Lots Numbers One (1) Three (3) Five (5) Seven (7) Nine (9) Eleven (11) Thirteen (13) Fifteen (15) Seventeen (17) Nineteen (19) Twenty one (21) Thirty (30) Thirty two (32) Thirty four (34) Thirty six (36) Forty (40) Forty two (42) Forty four (44) Forty six (46) Forty eight (48) on Michigan Avenue in Drake and Fenns Addition to City of Holton and also all of Lots Number Two (2) Four (4) Six (6) Eight (8) Ten (10) Twelve (12) Fourteen (14) Sixteen (16) Eighteen (18) and Twenty (20) on Minnesota Avenue and also all of Lots Number Twenty one (21) twenty three (23) Twenty five (25) Twenty seven (27) Twenty nine (29) Thirty one (31) Thirty three (33) Thirty five (35) Thirty seven (37) and Thirty nine (39) on Nevada Avenue[.] *Also all that portion of each of the following described Lots which lies within one Hundred (100) feet of the center line of the route and line of the Chicago Kansas and Nebraska Railway Company as the same is now surveyed staked* and located to wit**:** Lots number Eighteen (18) Twenty (20) Twenty Two (22) Twenty four (24) and Twenty Nine (29) on Michigan Avenue Lots Number. . .Twenty four (24) Twenty six (26) and Twenty eight (28) on Minnesota Avenue. Lots Number Thirty five (35) Thirty seven (37) and Thirty nine (39) Forty three (43) Forty five (45) and Forty seven (47) on Indiana avenue and Lots Number Eleven (11) Thirteen (13) Fifteen (15) Seventeen (17) and Nineteen (19) on Nevada Avenue, all of said Lots and parts of lots above mentioned and described being in Drake and Fenns Addition to the City of Holton.

"To have and To Hold the Same Together with all and singular the tenements, hereditaments and appurtenances Hereunto belonging or in anywise appertaining forever[.]" (Emphases added.)

The deed further reflected that the grantors

> "covenant, promise and agree . . . that at the delivery of these presents they are lawfully seized in their own right of an absolute and indefeasible estate of inheritances in fee simple, of any and in all and singular the above granted and described premises with appurtenances . . . ."

*Application of the law*

At the outset, we note this case comes after a grant of summary judgment with no material facts in dispute. Our standard of review in this circumstance is well known. See *Drouhard-Nordhus v. Rosenquist*, 301 Kan. 618, 622, 345 P.3d 281 (2015). The propriety of the district court's judgment turns on its ruling that the 1886 deed conveyed only a right of way. The interpretation and legal effect of a deed is a question of law subject to unlimited review. See *Stone,* 278 Kan. at 178-79.

The 1886 deed shows that the grantors conveyed to the railroad company a strip of land running through a larger collection of parcels the grantors owned. The deed itself reveals that the company had staked and located the railway's proposed route before the conveyance. The deed fixed the strip's location on the grantors' properties as the land on either side of the centerline. It described those portions of the grantors' collection of parcels included in the conveyance as land within a given number of feet of the centerline—both as the centerline passes through a large tract and as that swath crossed parts of city lots and those whole city lots through which the centerline ran.

The panel's conclusion that this case more closely fits the facts in *Abercrombie* and *Harvest Queen* is sound. See *Jenkins*, 2016 WL 463789, at *11. But Jenkins argues the panel's decision was incorrect for two reasons. First, she contends the decision conflicts with *Stone* because the deed's plain language conveyed the property in fee

12

simple, so the panel improperly considered parol evidence to find an implied use restriction. Second, she argues the panel's decision conflicts with *Schoenberger*.

Jenkins' first argument is meritless. In *Stone*, the court held a railroad company acquired fee simple title to property conveyed to it in a warranty deed that described the conveyance only in metes and bounds. Because the original deed was unambiguous, the *Stone* court refused to consider parol evidence—subsequent deeds referring to a railroad right of way—to determine the railroad intended to use the property as a right of way. The *Stone* court distinguished *Abercrombie*:

> "Although the *Abercrombie* court was willing to ignore language in the deed regarding the type of conveyance (fee simple, easement, fee simple determinable) intended by the parties, it was dealing with a deed that described the property in a manner that could be construed as a right-of-way . . . ." *Stone*, 278 Kan. at 180.

This distinction does not apply here. Like the deed in *Abercrombie*, the 1886 deed described the property in a manner that could be construed as a right of way.

Jenkins' second argument is also meritless. She contends the panel's decision conflicts with *Schoenberger*, in which the Court of Appeals held two deeds conveyed to a railroad company fee simple estates in a 500-foot-wide strip of land and some town lots. The panel in that case noted that the grantors warranted in both deeds that the grantors were lawfully seized of fee title to the properties and conveyed the properties to the grantee to "'have and to hold the same together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in anywise appertaining forever.'" 29 Kan. App. 2d at 246. It noted one deed did "not contain a reversion clause." 29 Kan. App. 2d at 247. It reasoned that "despite the small size of land conveyed," the

13

deed conveying the 500-foot-wide strip did not contain any "express or implied use restriction . . . ." 29 Kan. App. 2d at 247. "[S]imilar reasoning," the court continued, compelled its conclusion that the lots were also conveyed in fee. 29 Kan. App. 2d at 247.

Jenkins maintains the result in her case should be the same because the deed granting the 500-foot-wide strip in *Schoenberger* is similar to the deed here. According to Jenkins, the *Schoenberger* deed described the strip as running "'over and across'" the grantor's larger parcel and expressed the strip's location on that parcel as the 100 feet on one side of a railroad "'as the same is located built and constructed over and across the said quarter section . . .'" and the 400 feet on the opposite side of the railway.

The *Jenkins* panel characterized this argument as "misleading" because "[t]he full language of the deed is not included in the *Schoenberger* opinion and the language in [the deed here] indicates a clear implied railroad use." *Jenkins*, 2016 WL 463789, at *10. Even if Jenkins accurately describes the *Schoenberger* deed, the extrinsic facts were different. The *Schoenberger* court noted that "a strip of land" was condemned for a right of way before the deed conveyed the strip the dispute focused on. The deed language Jenkins supplies also indicates the track had already been constructed at the time of the *Schoenberger* conveyance.

We hold the panel correctly concluded the original, 1886 deed conveyed only an easement because the deed reflects the property was conveyed as the right of way for the grantee's planned railroad.

Affirmed.

JOHNSON, J., not participating.

14